**Wendell ALLEN, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

**No. 80–3598**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.
Unit A

Jan. 16, 1981.

Wendell Allen, pro se.

George L. Phillips, U. S. Atty., E. Donald Strange, Asst. U. S. Atty., Jackson, Miss., for defendant–appellee.

Before GEE, RUBIN and RANDALL, Circuit Judges.

PER CURIAM:

In this Section 2255 proceeding, Wendell Allen seeks to set aside his plea of guilty to two charges on the ground that he was not properly advised of the maximum sentence that could be imposed when he entered his plea. Because there was neither a fundamental defect in the guilty plea proceedings nor any prejudice to Allen from the court's failure to comply literally with the requirements of Rule 11, we affirm the dismissal of the action by the district judge.

Allen was charged with armed robbery in violation of 18 U.S.C. § 2113(d) and with using a firearm to commit a felony in violation of 18 U.S.C. § 924(c). He indicated that he desired to plead guilty to both charges. During the Rule 11 proceeding, the district court told Allen that he could receive not more than twenty–five years imprisonment for the robbery count and not more than ten years for the firearms count, thus making the total possible sentence thirty–five years. Allen entered guilty pleas and the court sentenced him to twenty–five years on the armed robbery count and to ten years on the firearms count.

Thereafter, the Supreme Court held in *Simpson v. United States*, 435 U.S. 6, 98 S.Ct. 909, 55 L.Ed.2d 70 (1978), that the statutes did not permit cumulative penalties for the two crimes. Allen sought relief from the cumulative sentences by proceeding under 28 U.S.C. § 2255. The district court then vacated the ten year sentence imposed for the firearms charge.

■ Allen next filed this action asserting that Rule 11, Fed.R.Crim.P., was violated because he was not properly informed of the maximum sentence when he entered his plea. We have in *Keel v. United States*, 585 F.2d 110 (5th Cir. 1978) (en banc), refused to adopt a *per se* rule that would allow a defendant by a post–conviction motion to attack his guilty plea because of the trial judge's misstatement of the possible maximum sentence and have held that post–conviction relief can be granted only if the defect in accepting the guilty plea was "jurisdictional, unconstitutional, so fundamentally defective as to result in a complete miscarriage of justice, or inconsistent with

rudimentary demands of fair procedure," 585 F.2d at 114, or if prejudice as a result of the lack of literal compliance with Rule 11 can be shown. Our holding in *Keel* anticipated the later decision of the United States Supreme Court in *United States v. Timmreck*, 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979) and is entirely consonant with that decision.

Although the misstatement of the possible maximum sentence in this case did constitute a Rule 11 violation, the error does not entitle the petitioner to relief under the test adopted by this court in *Keel*. Even if the test advocated in the concurring opinion in *Keel*, 585 F.2d at 114, had been adopted, Allen would not be entitled to relief because the facts demonstrate that "the dereliction was not likely to have been a material factor affecting the petitioner's decision to plead guilty." 585 F.2d at 116.

Allen does contend in his Section 2255 motion, supported only by his own affidavit, that he would not have pleaded guilty but would have gone to a jury trial had he known that he could be sentenced to no more than twenty–five years in the event of conviction. *See United States v. Scott*, 625 F.2d 623 (5th Cir. 1980). Allen did not make a plea bargain for a sentence less than the maximum to avert the possibility that, if found guilty, he faced a maximum sentence. No promises were made to him and no bargains with him were offered. He pleaded guilty without inducement to offenses carrying what he thought to be penalties aggregating thirty–five years, and was sentenced to that term.

■ While we construe pro se applications liberally, the mere recitation of a formula, even in an affidavit, does not suffice to establish either plausibility or the right to an evidentiary hearing. It is inherently incredible that a person would voluntarily submit himself to a possible thirty–five year sentence but would take his chances on getting an acquittal if he faced only twenty–five year sentence. *Cf. Barton v. United States*, 458 F.2d 537, 541–42 (5th Cir. 1972) (if the defendant believed that a harsher sentence awaited the guilty plea than the one that could actually be imposed,

the probability that such a misapprehension would encourage a defendant to plead "not guilty" outweighs the possibility that such misinformation might cause him to plead guilty); *United States v. Woodall*, 438 F.2d 1317, 1329 (5th Cir.) (en banc), *cert. denied*, 403 U.S. 933, 91 S.Ct. 2262, 29 L.Ed.2d 712 (1971). *See Schofield v. United States*, 441 F.2d 1219 (7th Cir. 1971) ("If [defendant] were of the opinion that he could be sentenced up to forty–five years on a plea of guilty, we do not see that he was thereby induced to plead guilty in this posture to any greater extent than if he had been correctly informed that on a guilty plea the maximum sentence he could receive would be only twenty–five years." 441 F.2d at 1221). Because "the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief," 28 U.S.C. § 2255, an evidentiary hearing was not required before the Section 2255 motion was denied. *See United States v. Guerra*, 588 F.2d 519 (5th Cir. 1979) (petitioner does not establish his right to a hearing by the simple expedient of filing a petition and a hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations).

For these reasons, the judgment is AFFIRMED.