**Geric GREEN, Petitioner-Appellant,**

v.

**John M. McGOUGAN, Warden, Hunt Correctional Center, Respondent-Appellee.**

No. 84–3132.

United States Court of Appeals, Fifth Circuit.

Oct. 29, 1984.

Geric Green, pro se.

Johnny S. McGary, Ponchatoula, La., for respondent-appellee.

Before REAVLEY, POLITZ and HIGGINBOTHAM, Circuit Judges.

POLITZ, Circuit Judge:

Geric Green appeals the denial of his petition for habeas corpus, 28 U.S.C. § 2254. Agreeing with the district court that no evidentiary hearing was required and that Green's contentions are without merit, we affirm.

*Facts*

Assisted by the first of three attorneys, Green pled guilty in Louisiana state court to a charge of armed robbery. Pursuant to the terms of a plea agreement he was sentenced to confinement for ten years. Thereafter Green's second attorney filed a state habeas application alleging that Green had been denied the effective assistance of counsel and that his guilty plea was not voluntary. This application was withdrawn before consideration because, according to Green, the second attorney advised him any further pursuit of habeas relief would result in a longer sentence. Green's third counsel before the state court then filed a second state habeas application alleging the previously stated grounds and adding a third claim, to-wit, his second counsel's performance in the habeas proceeding was constitutionally inadequate. After an evidentiary hearing the state court denied the application because those issues had been raised in the petition Green voluntarily withdrew. Green appealed to

the Louisiana Supreme Court which affirmed without opinion. *Green v. Henderson*, 433 So.2d 726 (La.1983).

With state remedies exhausted, Green filed the instant application *pro se,* asserting the same grounds as in the second state application. With a deft stroke of the judicial scythe, in an incisive opinion the district court cut to the heart of the habeas petition, concluded that no evidentiary hearing was necessary because the state record clearly reflected that Green's claims lacked arguable merit, and denied the writ.

*Analysis*

Green contends that his guilty plea was not voluntary. Specifically he alleges that his attorney told him that the sentence would be less than ten years if he pleaded guilty. Green claims he was thus induced to plead guilty. The record of the arraignment belies this contention. The following colloquy between Green and the trial judge preceded the court's acceptance of the guilty plea:

BY THE COURT:

Q. Have you been threatened or coerced in any way to enter this plea of guilty?

A. No, Your Honor.

Q. Are you aware of the plea agreement that has been entered into between the State and your counsel?

A. Yes sir, I'm aware.

Q. This plea agreement provides that there will be a pre-sentence investigation; that you will receive a sentence of ten years with the Department of Corrections, provided that the pre-sentence investigation reveals no other criminal activity; that if there has been other criminal activity on your part in the past, that you will not receive ten years, you will receive 15 years. Is that correct?

A. Yes, Your Honor.

Q. And you're agreeable to that?

A. Yes sir.

\* \* \* \* \* \*

Colonel Woods [defense counsel], from your conferences with the accused, do you feel that he understands your advice and what's going on?

MR. WOODS: I feel that he understands my advice and that he knows what's going on; he's had a chance to confer with his Minister and confer with his father, Your Honor.

\* \* \* \* \* \*

BY THE COURT:

Q. Mr. Green, do you have any questions you'd like to ask me?

A. No sir.

Q. Do you have anything you want to talk to Colonel Woods about or Mr. Rolling [prosecutor]?

A. No, Your Honor.

\* \* \* \* \* \*

Q. Are you fully satisfied with the representation that has been provided you by your attorney, Colonel Woods?

A. Yes, Your Honor.

BY THE COURT:

I'm satisfied that the plea is voluntary, is knowingly and intelligently made, therefore it will be accepted by the Court.

■ Green also contends that he was denied effective assistance of counsel during both the trial and habeas proceedings. On federal habeas review we will not consider the adequacy of counsel in state habeas proceedings except insofar as counsel's performance might relate to an apparent abuse of the writ. As we observed in *Jones v. Estelle,* 722 F.2d 159, 167 (5th Cir.1983): "Counsel competence in habeas proceedings is not a constitutional inquiry, since a state has no constitutional duty to provide counsel in collateral proceedings." Green will not be heard to complain about state habeas counsel; we examine only the complaint against trial counsel.

Green's charge of ineffective assistance of trial counsel is found grossly wanting when measured against the standard announced by the Supreme Court in *Strickland v. Washington,* — U.S. —, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Therein

the Court imposed a dual burden on one claiming ineffective assistance of counsel:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

104 S.Ct. at 2064.

▆ Applying the standard in *Knighton v. Maggio*, 740 F.2d 1344, 1349 (5th Cir. 1984), we held:

> One claiming ineffective assistance of counsel must identify specific acts or omissions; general statements and conclusionary charges will not suffice. The particular professional failure must be pled and proven.

We find nothing in the federal habeas application, despite the relaxed requirements accorded *pro se* pleadings, which even vaguely resembles an allegation of specific failure of counsel. The nearest thing to a definite statement gleaned from a searching review of both the state and federal records is an assertion found in the application for writs to the Louisiana Supreme Court that trial counsel "filed no timely or appropriate motions relative to suppression." There is no indication of the subject matter of the suppression motions. The pleadings are likewise silent as to the prejudice suffered. Green's complaint falls far short of the *Strickland v. Washington*

threshold. The district court properly rejected habeas relief.

AFFIRMED.