UNITED STATES of America,
Plaintiff-Appellee,

v.

Charles Herbert FULLER,
Defendant-Appellant.

No. 84–1850
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 3, 1985.

Charles Herbert Fuller, pro se.

Thomas S. Leatherbury, court appointed, Dallas, Tex., for defendant-appellant.

James A. Rolfe, U.S. Atty., J. Michael Worley, Asst. U.S. Atty., Fort Worth, Tex., for plaintiff-appellee.

Before RUBIN, JOHNSON, and JONES, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

A defendant in a criminal case pleaded guilty, he contends, because of his lawyer's advice that the maximum sentence was fifteen years when in fact the maximum sentence was only five years. The defendant feared that, if he proceeded to trial and were convicted, he would receive the maximum sentence. He now seeks relief under 28 U.S.C. § 2255 contending that this misinformation invalidates his plea, that his lawyer was ineffective, and that the district court erred in refusing to grant an evidentiary hearing.

Even if the petitioner can establish the facts alleged in this case, we find that they would not be sufficient to demonstrate that the misinformation induced him to enter the plea or that it prejudiced him. We therefore affirm the district court's denial of relief without an evidentiary hearing.

## I.

Charles Herbert Fuller was convicted on his plea of guilty of distributing methamphetamine in violation of 21 U.S.C. § 841(a)(1). The court advised him that the maximum penalty for the offense was a prison sentence of fifteen years and a fine of $25,000. At the time of his conviction, the maximum sentence was in fact only five years, and the maximum fine only $15,000,[1] although the statute has since been amended to increase the severity of the punishments.[2] Under the earlier law, offenders with a prior drug-related conviction, such as the defendant in this case, were subject to imprisonment for a maximum of ten years and a fine of $30,000.[3]

The court sentenced Fuller to a six-year prison term with four years of special parole, under 18 U.S.C. § 4205(b)(2), making him eligible for parole at the Parole Commission's discretion.

Fuller complained of the misadvice two years later in a motion under 28 U.S.C. § 2255 filed in June 1981. The district court treated his motion as a motion to correct sentence under Fed.R.Crim.P. 35 and, without referring to Fuller's prior conviction, reduced his prison term from six to five years.

Fuller now alleges that his plea was coerced by the district court's exaggeration of the maximum penalty. Fearing that he would receive the maximum sentence because of his prior drug convictions, he pleaded guilty in hope of a lesser sentence.

Fuller filed this § 2255 motion while still incarcerated in April 1984. It appears that he may have completed his sentence and

---

1. 21 U.S.C. § 841(b)(1)(B) (1982) (amended 1984).

2. 21 U.S.C. § 841(b)(1)(C) *as amended by* Pub.L. No. 98–473, Title II, § 502, 98 Stat. 2068, 2070 (1984).

3. 21 U.S.C. § 841(b)(1)(B) (1982) (amended 1984).

been released while the appeal was pending. Nevertheless, because the conviction may result in adverse consequences, we have considered it on the merits.[4]

Fuller also maintains that his lawyer advised him to plead guilty "in order to avoid the very strong possibility of a maximum (15 year) sentence if [he] 'angered the Court by pleading innocent and going through the motions of a Jury Trial.'" He contends that his lawyer advised him that the prosecutor would do his best to get a maximum sentence upon conviction but that, if Fuller would change his plea, the prosecutor would recommend a lesser sentence.

The district court denied relief without an evidentiary hearing, distinguishing cases that reached a contrary result. In both *Cooks v. United States*[5] and *United States v. Rumery*,[6] the defendants' counsel had overstated the possible penalties and then obtained guilty pleas on the promise that the exaggerated penalties would be reduced. The court found it significant that, "[b]ecause petitioner was indicted on only one count there could be no plea bargain offer to dismiss other counts in exchange for a guilty plea." The district court found that, when Fuller entered his guilty plea, he stated under oath that it was "made solely because he was guilty and was not the result of coercion or promises."[7] Fuller's attorney stated at the time that he did not know of "any plea agreement or statements made in connection with this plea" and that "[w]e have nothing worked out with [the U.S. Attorney's office] other than the fact that we were not going to go to trial."

Although the record is silent concerning the lawyer's advice to Fuller, it shows that counsel failed to correct the trial judge when he misstated the maximum. The prosecutor made no recommendation concerning sentence and neither Fuller, nor Fuller's lawyer, called attention to the now-asserted promise that the prosecutor would recommend "a lighter sentence."

## II.

*Strickland v. Washington*[8] set out a two-pronged test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) the defendant must show that counsel's performance was deficient, and (2) the defendant must show that the deficient performance prejudiced the defense.[9] The contention of ineffective assistance may be rejected because of an insufficient showing of prejudice without inquiry into the adequacy of counsel's performance.[10] "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."[11] "The ultimate focus of inquiry must be on the fundamen-

---

**4.** *Sibron v. New York*, 392 U.S. 40, 50–58, 88 S.Ct. 1889, 1896–1900, 20 L.Ed.2d 917, 927–932 (1968); *Carafas v. LaValle*, 391 U.S. 234, 237–38, 88 S.Ct. 1556, 1559, 20 L.Ed.2d 554, 558–59 (1968); *Pollard v. United States*, 352 U.S. 354, 358, 77 S.Ct. 481, 484, 1 L.Ed.2d 393, 397 (1957); *Sinclair v. Blackburn*, 599 F.2d 673, 675–76 (5th Cir.1979); *Matthews v. Florida*, 463 F.2d 679, 681 (5th Cir.1972).

**5.** 461 F.2d 530 (5th Cir.1972).

**6.** 698 F.2d 764 (5th Cir.1983).

**7.** Fuller had also testified in response to court's questions as follows:
   Q. Has any attorney, officer, employee, or agent of any branch of the government made any suggestion or promise or repre-

sentation to you that you would receive a lighter sentence or probation if you would just plead guilty?
   A. No, sir.
   Q. Has anyone made any promise or promises, or representations, or statements of any kind to you if you would plead guilty?
   A. No, Your Honor.

**8.** 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

**9.** *Id.* at ——, 104 S.Ct. at 2064, 80 L.Ed.2d at 692.

**10.** *Id.* at ——, 104 S.Ct. at 2069–70, 80 L.Ed.2d at 698–700.

**11.** *Id.* at ——, 104 S.Ct. at 2068, 80 L.Ed.2d at 697.

tal fairness of the proceeding whose result is being challenged."[12]

Although *Strickland* considered counsel's representation at trial, the opinion is also applicable to convictions based on guilty pleas.[13]

■ Erroneous advice from counsel or the court that the maximum sentence was greater than that allowed by the statute does not necessarily prejudice a defendant unless the facts demonstrate that the error was likely to have altered the defendant's decision to plead guilty.[14] Under some circumstances, the actual penalty may itself be so formidable or the overstatement so small that it is improbable the error would have had any effect. Thus, in *Allen v. United States*,[15] a case in which the defendant had pleaded guilty to bank robbery charges after being advised of an exaggerated penalty, we stated: "It is inherently incredible that a person would voluntarily submit himself to a possible thirty-five year sentence but would take his chances on getting an acquittal if he faced only [a] twenty-five year sentence."[16]

Given the discrepancy between the alleged advice and the actual maximum sentence in this case, we cannot be so certain. A defendant, faced with the possibility of fifteen years in prison, might well take a desperate gamble for clemency by pleading guilty as charged. Had he been advised that the maximum sentence was only five years, the same defendant might have accepted that risk in the hope of an acquittal at trial. But whether the defendant might have decided to plead differently cannot be determined simply by measuring the degree to which the penalty was overstated. That decision must be based on consideration of all the facts confronting the defendant.

Fuller knew from the factual resume given in court at the time the judge accepted his guilty plea that the DEA agent to whom he sold the methamphetamine face-to-face would testify that the thirteen grams involved were intended as a sample and that Fuller told him that he could supply pound quantities. The agent would also have testified that he saw several pounds of marijuana in Fuller's motel room. Fuller knew that his own credibility at trial would be negligible because he had recently been released from prison after serving federal sentences for marijuana offenses and escape. With his record of Vietnam service, during which he was injured in combat and decorated, and other extenuating circumstances, he had reason to believe that he might receive leniency if he pleaded guilty. Fuller, therefore, faced what appeared to be overwhelming evidence of guilt and could hope for leniency only if he appeared to be repentant.

At times we have granted relief when a guilty plea was entered in reliance on an overstatement of the possible sentence. In each case, however, we have found that the defendant was erroneously induced to believe that he would benefit from pleading guilty. Thus, in *Cooks v. United States*,[17] counsel advised the defendant to plead guilty on one count in return for dismissal of five other identical counts. As a matter of law, Cooks was liable only under a single count. Cooks' counsel led him to believe that pleading guilty would reduce his exposure from sixty to ten years of imprisonment. Granting relief, we said "the erroneous advice does not involve an exaggeration of the possible *detriments* of the plea. Rather it presented an unfounded

12. *Id.* at ——, 104 S.Ct. at 2069, 80 L.Ed.2d at 698.

13. *Craker v. Procunier*, 756 F.2d 1212, 1214–15 (5th Cir.1985); *Hobbs v. Blackburn*, 752 F.2d 1079, 1082 (5th Cir.1985); *Green v. McGougan*, 744 F.2d 1189, 1190–91 (5th Cir.1984).

14. *Allen v. United States*, 634 F.2d 316, 317–18 (5th Cir.1981); *United States v. Woodall*, 438 F.2d 1317, 1322, 1328–29 (5th Cir.) (en banc), *cert. denied*, 403 U.S. 933, 91 S.Ct. 2262, 29 L.Ed.2d 712 (1971); *Eakes v. U.S.*, 391 F.2d 287 (5th Cir.1968).

15. 634 F.2d 316 (5th Cir.1981).

16. *Id.* at 317.

17. 461 F.2d 530 (5th Cir.1972).

overstatement of the potential *benefits* of pleading guilty."[18]

Similarly, in *United States v. Rumery*,[19] the defendant was charged with a single count of conspiracy, although the indictment also recited the crimes in which the defendant had conspired. Rumery's counsel mistakenly advised him that he had been charged with those crimes as well, but that the substantive charges would be dropped if he pleaded guilty to the conspiracy charge. Rumery was consequently led to believe that his guilty plea would reduce his maximum potential sentence by twenty-five years.

Fuller was not led to believe that a guilty plea would reduce his potential maximum sentence. During his plea proceedings, Fuller swore that no one had coerced him and that no one had made any promises or representations that he would receive a lighter sentence in return for his plea. Even now he makes no such claims. He pleaded guilty in the expectation of possible consequences graver than those he actually faced. Under these circumstances, proof of Fuller's allegations would not suffice to prove that the errors of his attorney undermined the fairness of the proceedings, or would have led to a different outcome.

## III.

Fuller also contends that his plea was not made knowingly and voluntarily because of the court's misadvice as to the maximum term of imprisonment, which violated Fed.R.Crim.P. 11(c)(1). Not every violation of that rule, however, entitles a defendant to post-conviction relief. Post-conviction relief on the basis of misinformation concerning the possible sentence may be granted only if it constitutes constitutional error, "a complete miscarriage of justice," is inconsistent "with the rudimentary demands of fair procedure,"[20] or if prejudice as a result of the lack of compliance can be shown.[21] The court's failure to observe the literal requirements of Rule 11 do not justify the invalidation of Fuller's guilty plea because it did not in fact prejudice him or undermine the fairness of the proceeding.

## IV.

Finally, Fuller contends that the district court erred in refusing to grant an evidentiary hearing to assess the allegations that his attorney led him to expect a lesser sentence in return for his plea. These factual allegations are refuted by Fuller's own sworn testimony during the plea proceedings. "Ordinarily a defendant will not be heard to refute his testimony given under oath when pleading guilty."[22] If, however, the defendant offers specific factual allegations supported by the affidavit of a reliable third person, then he is entitled to a hearing on his allegations.[23]

Fuller has alleged no support for, or affidavit of, any third party to attest to the claims he now makes. The district court, therefore, did not err in refusing him an evidentiary hearing.

For these reasons, the judgment is AFFIRMED.

---

**18.** *Id.,* at 533 n. 3 (emphasis in original).

**19.** 698 F.2d 764 (5th Cir.1983).

**20.** *United States v. Timmreck,* 441 U.S. 780, 783–84, 99 S.Ct. 2085, 2087, 60 L.Ed.2d 634, 638–39 (1979).

**21.** *Allen v. United States,* 634 F.2d 316, 317 (5th Cir.1981), *quoting Keel v. United States,* 585 F.2d 110 (5th Cir.1978) (en banc).

**22.** *United States v. Sanderson,* 595 F.2d 1021, 1022 (5th Cir.1979), *citing United States v. Barrett,* 514 F.2d 1241, 1243 (5th Cir.1975).

**23.** *Blackledge v. Allison,* 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977); *Matthews v. United States,* 533 F.2d 900, 902 (5th Cir.1976), *cert. denied,* 429 U.S. 1121, 97 S.Ct. 1156, 51 L.Ed.2d 571 (1977). *Accord United States v. Dabdoub-Diaz,* 599 F.2d 96, 100 (5th Cir.), *cert. denied,* 444 U.S. 878, 100 S.Ct. 164, 62 L.Ed.2d 107 (1979); *Frank v. United States,* 501 F.2d 173, 174 (5th Cir.1974).