United States Court of Appeals,

Fifth Circuit.

No. 92-1648.

Willie D. ARMSTEAD, Petitioner-Appellant,

v.

Wayne SCOTT, Director, Texas Department of Criminal Justice, Institutional Division, Respondent-Appellee.

Nov. 3, 1994.

Appeal from the United States District Court for the Northern District of Texas.

Before KING, JOLLY and STEWART, Circuit Judges.

STEWART, Circuit Judge:

This is a habeas corpus action brought by a state court prisoner, Willie D. Armstead, alleging ineffective assistance of counsel in connection with his guilty plea to two counts of aggravated robbery in Texas state court. The district court denied relief, affording a presumption of correctness to the factual findings of the state court. While we find that the district court erred in affording a presumption of correctness because the state court did not actually make a factual finding with regard to one of Armstead's allegations, we nonetheless conclude that Armstead has not demonstrated he was prejudiced by his counsel's alleged error. We therefore affirm the district court's denial of relief.

*Background*

On January 27, 1988, a Dallas County, Texas, grand jury returned an indictment charging Armstead with the first-degree felony offense of aggravated robbery in Cause No. F88-77534-S. The

1

indictment alleged a prior felony conviction for attempted capital murder on November 30, 1976, also in Dallas County, Texas, in Cause No. F74-9501-H, for enhancement of punishment pursuant to § 12.42(c) of the Texas Penal Code. On January 29, 1988, the Dallas County grand jury returned a second indictment for a first-degree felony offense of aggravated robbery in Cause No. F88-77715-JS. That indictment also was enhanced by the prior conviction for attempted capital murder.

On March 11, 1988, pursuant to a plea agreement, Armstead pled guilty to the two charges. The trial court sentenced him to two concurrent 40-year terms of confinement and a $750 fine. The trial court further made an affirmative finding that Armstead had used or exhibited a deadly weapon, a firearm, during the commission of the offenses. Also on March 11, 1988, Armstead's wife Elaine pled guilty to one of the robberies, pursuant to a plea agreement. She was not sentenced until March 24, 1988. She received a sentence of fifteen years.

Armstead did not appeal his convictions, nor did he ever seek to withdraw his guilty plea or allege that his plea bargain had been breached. He filed an application for state habeas relief challenging the convictions, which the Texas Court of Criminal Appeals denied on October 18, 1989. On June 11, 1990, Armstead filed a federal petition for habeas corpus relief. The district court dismissed the petition with prejudice on July 24, 1992, and this appeal followed.

Armstead argues on appeal that his defense counsel was

ineffective in the following respects:

(i) advising Armstead to waive his right to the examining trial on the date it was scheduled;

(ii) failing to investigate and contact witnesses;

(iii) telling Armstead that he did not wish to try the case because he did not want to blemish his record with a loss;

(iv) advising Armstead to perjure himself;

(v) failing to inform Armstead of his right to have a jury sentence him;

(vi) telling Armstead he would be found guilty of the robbery charges based upon his prior conviction for attempted murder;

(vii) asking Armstead's mother to persuade him to plead guilty;  and

(viii) promising him that his wife, Elaine Armstead, would get probation if he pled guilty.

All eight of Armstead's allegations of ineffective assistance of counsel were raised previously by him in his state habeas petition.  Armstead's showing in support of his state habeas petition included three affidavits concerning these contentions. The affiants were Armstead's wife, his mother, and another convict who happened to be appearing in court on the same day as Armstead and who allegedly overheard exchanges between Armstead and his counsel relating to the promise that Armstead's wife would get probation if Armstead pled guilty.

In response to Armstead's state habeas petition, the state court requested that Armstead's counsel, Alfredo Campos, Jr., submit an affidavit addressing the allegations of the state habeas petition, and the attorney did so.  The Campos affidavit directly addressed seven of the eight allegations made by Armstead, but it

3

did not address the "false promise" issue at all.

Specifically, Mr. Campos provided the following answers to defendant's allegations of ineffective assistance of counsel:

(i) he advised Armstead of his right to an examining trial, and Armstead agreed to waive the examining trial in exchange for the offense report;

(ii) he obtained the offense report, had an investigator available, and had information on the three witnesses for trial, all of which he reviewed with Armstead;

(iii) he did not tell Armstead that he feared "blemishing" his record with a loss;

(iv) he never recommended perjury;

(v) he advised Armstead of his right to jury sentencing;

(vi) Armstead misunderstood his statements regarding the prior conviction; he advised him only that, if the enhancement paragraph were found true, it would raise his minimum penalty for sentencing and that it would "weigh heavily on the punishment phase of the trial";

(vii) he did have a telephone conference with Armstead's mother, wherein he "brought her up to date on the status of the case."

The Court found the statements in counsel's affidavit to be "true, correct and dispositive of the allegations presented by [Armstead] relative to Mr. Campos." Based upon these adopted factual determinations, the state court concluded that counsel was not ineffective and that Armstead entered knowing and voluntary pleas.

When Armstead filed his federal habeas petition forwarding these same allegations, the magistrate judge reviewed Armstead's claims in light of the state court record and Armstead's burden under *Hill v. Lockhart,* 474 U.S. 52, 58-59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985), to show that (1) his attorney actually erred,

4

and (2) he would not have pled guilty but for the error. The Findings, Conclusions and Recommendation of the United States Magistrate Judge provided as follows:

> In [Campos'] affidavit [submitted in the state habeas proceeding, he] **specifically denied each of [Armstead's]** allegations of error on his part. Moreover, [Campos] also detailed each of the acts which he took on [Armstead's] behalf, including advising him of all the constitutional rights to which he was entitled, his efforts to investigate the case, and his attempts to insure that [Armstead's] guilty plea was knowing and voluntary.... The state court subsequently accepted those statements by [Campos] as true and adopted them as findings of fact in regard to the claim of ineffective assistance of counsel.... Those findings of fact as to the actions of [Campos] must be presumed to be correct, even though they were entered into as a consequence of a hearing by affidavit rather than an in-court evidentiary hearing. (Emphasis added.)

The magistrate judge concluded, and the district court agreed, that Armstead's habeas petition should be dismissed based upon the premise that the state court had implicitly found that none of Armstead's allegations were meritorious.[1]

### Standard of Review

Under 28 U.S.C. § 2254(d), a presumption of correctness must be accorded findings of fact made by a state habeas court *if supported by the record. Sumner v. Mata,* 449 U.S. 539, 546-47, 101 S.Ct. 764, 769, 66 L.Ed.2d 722 (1981); *Loyd v. Smith,* 899 F.2d 1416, 1425 (5th Cir.1990). Although an ineffective assistance claim is not purely a fact inquiry, but rather a mixed question of law and fact, "state court findings of fact made in the course of

---

[1]Under 28 U.S.C. § 2254(d), we afford a presumption of correctness to a state court factual finding except in certain enumerated circumstances. If the state court factual findings are presumed correct, Armstead's federal habeas petition was properly dismissed.

5

deciding an ineffectiveness claim are subject to the deference requirement of § 2254(d)."  *Loyd v. Smith, supra* (citations omitted).  However, findings not made in the context of a "full and fair hearing" or otherwise "not fairly supported by the record" as a whole are not entitled to the "presumption of correctness."  28 U.S.C. § 2254(d)(2) & (8).  The requirement that there be a hearing on the merits may be satisfied in some cases by affidavits—a so-called "paper hearing"—rather than by an in-court evidentiary hearing.

To prevail on an ineffective assistance of counsel claim, a petitioner must satisfy the two-prong test enunciated in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The *Strickland* test requires that a habeas petitioner prove not only that counsel's performance was deficient, but also that the deficient performance actually prejudiced the defense to such an extent that there is a reasonable probability that, but for the attorney's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceedings.  *Strickland, supra,* 466 U.S. at 694, 104 S.Ct. at 2068.

In *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), the Supreme Court applied the *Strickland* two-prong test to cases involving guilty pleas.  Thus, in a guilty plea scenario, a petitioner must prove not only that his attorney actually erred, but also that he would not have pled guilty but for the error.

6

*Ibid.*

With regard to the first prong of the *Strickland /Hill* test, if a defendant is represented by counsel and pleads guilty upon the advice of counsel, "the voluntariness of the plea depends on whether counsel's advice "was within the range of competence demanded of attorneys in criminal cases.' " *Hill, supra,* 474 U.S. at 56, 106 S.Ct. at 369, *quoting McMann v. Richardson,* 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970).

With regard to the prejudice prong, a defendant must "affirmatively prove" prejudice. *Strickland, supra,* 466 U.S. at 693, 104 S.Ct. at 2067. A mere allegation of prejudice is not sufficient to satisfy the prejudice prong of the *Strickland* test. A petitioner must establish that but for his counsel's alleged erroneous advice, he would not have pleaded guilty but would have insisted upon going to trial. *Carter v. Collins,* 918 F.2d 1198, 1200 (5th Cir.1990).

This assessment, in turn, will depend in part on a prediction of what the outcome of a trial might have been. *Hill v. Lockhart, supra,* 474 U.S. at 56-58, 106 S.Ct. at 369-370. For example, where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the prejudice inquiry will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. That assessment, in turn, will depend in large part on a prediction of whether the evidence likely would have changed the outcome of a trial. Similarly, where the alleged error by counsel is a failure

7

to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the prejudice inquiry will depend largely upon whether the affirmative defense likely would have succeeded at trial. *Id.*

Just last year, in *Lockhart v. Fretwell,* --- U.S. ----, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993), the Supreme Court noted that an analysis focussing *solely* on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective. *Lockhart* involved an allegation of ineffective assistance of counsel during a capital sentencing hearing. The Court noted that the Sixth Amendment right to effective assistance of counsel is recognized not for its own sake, but because of the effect it has on the ability of the accused to receive a fair trial. Thus, in our prejudice inquiry we should consider (1) whether, but for counsel's error, the defendant would not have pled guilty but would have insisted upon going to trial, *Hill v. Lockhart, supra,* and (2) whether counsel's deficient performance caused the outcome to be unreliable or the proceeding to be fundamentally unfair, *Lockhart v. Fretwell, supra.* "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Fretwell,* --- U.S. at ----, 113 S.Ct. at 844. Fretwell thus *narrows* somewhat the scope of the Sixth Amendment's ineffective assistance of counsel doctrine, and thereby further limits the availability of habeas relief. Joseph L. Hoffmann, *Is Innocence Sufficient? An Essay on*

8

*the U.S. Supreme Court's Continuing Problems with Federal Habeas Corpus and the Death Penalty,* 68 Ind.L.J. 817, 834, n. 80 (1993). *See also U.S. v. Suarez,* 846 F.Supp. 892, 895 (D.C.Guam 1994) (noting that *Lockhart* may present a more stringent test than *Strickland* ).

This Circuit reads *Lockhart v. Fretwell* as requiring a rather appreciable showing of prejudice. "If an appreciable showing of prejudice is required in the capital contest, a requirement for a showing of significant prejudice applies a fortiori in the noncapital context." *Spriggs v. Collins,* 993 F.2d 85, 88, n. 4. (5th Cir.1993).

*Analysis*

**Adequacy of the "paper hearing"**

*The first seven contentions*

Under 28 U.S.C. § 2254(d)(2), a presumption of correctness will not apply to a state court finding of fact if the factfinding procedure employed by the state court was not adequate to afford a full and fair hearing.

Armstead argues that the district court should not have afforded a presumption of correctness to the state court's findings of fact with regard to any of his allegations because no live evidentiary hearing was held; instead, the state court made its decision based upon a "paper hearing"—the affidavits submitted by Armstead and Campos.

While acknowledging that the presumption of correctness may apply nonetheless to paper hearings in some instances, Armstead

9

argues that in this case a paper hearing was insufficient to form the basis for the state court's decision to deny him habeas relief. He points to *Nethery v. Collins,* 993 F.2d 1154, 1157 n. 8 (5th Cir.1993), citing *Ellis v. Collins,* 956 F.2d 76 (5th Cir.1992), in which this Court noted that "[f]indings based solely on a paper record are not necessarily entitled to a presumption of correctness."  The *Nethery* court also repeated a principle it had stated in *May v. Collins,* 955 F.2d 299, 312 (5th Cir.1992):  "[I]t is necessary to examine in each case whether a paper hearing is appropriate to the resolution of the factual disputes underlying the petitioner's claim."

In *Nethery,* this Court refused to afford a presumption of correctness to one of the state court's findings because the state habeas court held no evidentiary hearing despite the submission of conflicting affidavits on that issue.  In considering the adequacy of the paper hearing, we noted that Nethery's petition was not considered by the same judge who had presided over his trial; thus, there was no meaningful opportunity for the court to assess the credibility of the conflicting affiants.

Armstead argues that because there was no trial in this case, a paper hearing was inadequate.  He contends that the judge did not have an adequate opportunity to assess Armstead's credibility. Thus, Armstead argues that a paper hearing did not afford him a full and fair hearing.  Accordingly, Armstead contends that the state court factual findings with regard to each of his allegations should not be given a presumption of correctness, and we should

10

remand for a live evidentiary hearing as to all eight of his contentions. We disagree.

Unlike the scenario in *Nethery,* the trial judge in Armstead's case who made the factual finding with regard to the conflicting affidavits via the "paper hearing" was the same judge who presided over Armstead's guilty plea. The judge had the opportunity to fully assess Armstead during his plea process and determine his credibility then. He also had the opportunity to assess the credibility of Alfred Campos as well as Melvin Tryon, the convict who appeared in his court the same day as Armstead. We find that in this case a "paper hearing" was adequate for a determination as to Armstead's allegations. Thus, the state court's factual findings are entitled to a presumption of correctness under § 2254(d). However, we must point out that the state court made factual findings only with regard to the first seven of Armstead's allegations.

As we discuss below, there was no state court factual finding with regard to the eighth issue raised by Armstead, that of the false promise. A presumption of correctness can apply only to findings that were in fact made. *See* 28 U.S.C. § 2254(d)(1).

We find that, with regard to the first seven of Armstead's contentions, the district court correctly afforded a presumption of correctness to the state court's determination that those allegations were without merit. Accordingly, the district court properly denied habeas relief to Armstead based on these contentions.

11

*Armstead's "false promise" contention*

Our finding that the paper hearing was adequate as to the first seven of Armstead's allegations is inapposite to an analysis of whether Armstead is entitled to relief on his eighth contention. Consequently, we now must turn our attention to whether the district court properly denied relief based upon that claim.

The primary issue on appeal is thus whether the district court properly accorded a presumption of correctness to the state court's supposed implicit "finding" that Armstead's counsel did not make a false promise to Armstead that his wife, Elaine Armstead, would get probation if he pled guilty.

We have carefully reviewed the Campos affidavit. It fails to address in any manner whatsoever Armstead's contention that Campos promised that Armstead's wife Elaine would get probation if Armstead pled guilty. We find the absence of any mention of the alleged false promise suspect given the very detailed responses Campos gave to defendant's numerous other contentions. It is impossible to determine whether the absence of information regarding this allegation was inadvertent or intended. Because Armstead had included so many contentions in his habeas petition, and because Campos' response was so lengthy and detailed (the affidavit was four pages long, almost entirely single-spaced), the false promise charge may have gone unnoticed by Campos, or the response Campos may have had to the alleged false promise simply may have been lost in the shuffle in drafting the affidavit. On the other hand, Campos may have chosen consciously not to address

12

this charge for some reason unknown to this Court.

We note that a paper hearing would have been adequate to resolve this dispute. The court could have directed Campos to supplement his affidavit to directly address the false promise charge. However, this was not done. The state court merely adopted the Campos affidavit as submitted as true and dispositive of Armstead's allegations. We agree with Armstead that the scope of the state court finding did not extend to the allegation regarding the false promise. The state court merely determined that the Campos affidavit was correct. It did not find that Armstead's affidavit was *not* credible. Thus, there was no state court "finding" on the issue of whether Campos made the false promise to Armstead.[2]

Whatever the reasons for the omission in the Campos affidavit of a response to the false promise charge, the state court apparently failed to notice it. The magistrate repeated the same mistake, overlooking the fact that neither the Campos affidavit nor the state court judgment addressed the false promise issue. Unfortunately, the district court followed suit, and Armstead's "false promise" charge slipped through the proverbial crack in the complicated mosaic of allegations that formed Armstead's habeas petition.

Under 28 U.S.C. § 2254(d)(1), a presumption of correctness is

---

[2]*Cf., May v. Collins, supra,* 955 F.2d at 305, in which the trial court's finding of fact expressly stated that the affidavits submitted by the habeas petitioner were *not* credible and unworthy of belief. The state court factual finding in *May* was afforded a presumption of correctness.

not required when the merits of a factual dispute were not resolved in the state court hearing. This case presents precisely the scenario envisioned by § 2254(d)(1).

We conclude that it was error for the district court to find that there had been a state court finding with regard to *all* of Armstead's allegations (to which a presumption of correctness must be afforded) when in fact the state court never made a factual finding on the issue of whether Campos made the false promise to Armstead that his wife would get probation if he would plead guilty.

*Strickland /Hill Test*

*A. Performance prong*

Having determined that the district court did indeed err in applying a presumption of correctness when in fact the false promise issue was not resolved by the state court, we must analyze Armstead's ineffective assistance claim based upon an assumption that his allegations of deficient performance by counsel are true, i.e., that Campos did promise Armstead that Elaine would get probation if he pled guilty, when in fact probation was not available to her.

However, we note that it is only reasonable to look askance at Armstead's claim. Elaine Armstead's plea agreement plainly states that she was *not* to receive probation. She and Armstead signed their plea agreements on the same day. However, Armstead notes that Elaine was not sentenced until approximately two weeks later, and that he did not know she was not going to receive a prison

14

sentence.  He points out that a probation officer visited Elaine the day she pled guilty, also giving him the impression that she would receive probation.  While it is at least feasible that, at the time he signed the plea agreement, Armstead may have been under the impression that his wife Elaine would get probation if he plead guilty, he admits that he learned she received a prison sentence upon her sentencing.  At no time did he object to this.  He did not raise the issue on direct appeal.  Had Armstead truly been under the impression that there was a deal whereby Elaine would receive probation only, it seems he would have been protesting from the rooftops upon first learning that Elaine had in fact received fifteen years.  Arguably, he would have tried to have the alleged agreement enforced or to withdraw his guilty plea.  At the very least, he would have raised the issue on direct appeal.  Instead, he was silent about the alleged false promise until he filed his state habeas petition in June 1989, some fifteen months after he and Elaine were sentenced.  Armstead, in raising his claim so late, is attempting to use collateral attack "to service for an appeal," which we will not allow.  *See U.S. v. Walsh,* 733 F.2d 31, 34 (6th Cir.1984), citing *Sunal v. Large,* 332 U.S. 174, 178, 67 S.Ct. 1588, 1590, 91 L.Ed. 1982 (1947).

Moreover, Armstead's own plea agreements reflect no such promise, but instead contain a recitation that the documents contain "all of the provisions of said agreement."  Further, in the section of these plea agreement provided for "[a]dditional provisions of the agreement ..." the space was left empty on one,

15

and the second reflects that the only "[a]dditional provision" was that the sentences were to run concurrently. Given the fact that the plea agreements explicitly state that there were no other terms to his deal, we are less willing to believe Armstead's contention that he was under the impression that a promise was made. *See U.S. v. Stumpf,* 827 F.2d 1027, 1030 (5th Cir.1987) (failure to object to the omission of an agreement in the written papers filed of record was grounds for denying relief for any failure to execute that agreement.)

But assuming *arguendo* that Campos did make the false promise to Armstead, when in fact no such "deal" existed, such conduct on the part of counsel *might* constitute deficient performance. For purposes of analyzing Armstead's claim under the *Strickland /Hill* test, we assume *arguendo* that such an act on the part of counsel would in fact constitute deficient performance. Thus, we presume that Armstead has met the first prong of the *Strickland /Hill* test.

B. *Prejudice prong*

We have concluded that the district court committed error in deferring to the supposed state court implicit finding with regard to the false promise allegation, when in fact there was no state court finding with respect to this issue. Ordinarily, we would remand this case to the district court for a hearing on the issue of whether Campos actually told Armstead that his wife would get probation if he plead guilty, i.e., whether the alleged false promise was in fact made, because no finding was made as to that issue below, either by the state court or by the federal district

16

court.

However, in this case, a remand is not necessary because petitioner has not satisfied the second prong of the *Strickland /Hill* test by establishing prejudice. A court need not address both components of the inquiry if the defendant makes an insufficient showing on one. *Spriggs v. Collins,* 993 F.2d 85 (5th Cir.1993), citing *Strickland, supra,* 466 U.S. at 697, 104 S.Ct. at 2069-2070. Assuming *arguendo* that Armstead received ineffective assistance of counsel, we conclude that he has not met his burden of affirmatively proving prejudice as required by *Hill v. Lockhart, supra.* It would be a waste of judicial resources to remand for a factual finding on the error prong of the inquiry when the prejudice prong clearly has not been satisfied. Thus, we affirm the district court's dismissal of petitioner's habeas claim.

In this case, where the alleged error by counsel is the false promise that Elaine Armstead would get probation if Armstead pleaded guilty, an assessment of the prejudice prong of the *Strickland /Hill* test will depend at least partly upon whether Armstead would have succeeded at trial.

Armstead alleged in his petition that he would not have pleaded guilty but would have insisted upon going to trial had he not been told that his wife would get probation if he pleaded guilty. However, this bare allegation is not sufficient to establish prejudice.

The evidence of guilt against Armstead was strong. The police had an eyewitness who identified him out of a lineup. They also

17

lifted his fingerprints from the crime scene. Under *Hill,* the determination of whether prejudice has been proven depends upon whether Armstead has affirmatively shown by a reasonable probability that, but for his counsel's errors, he would not have pled guilty and would have insisted on going to trial. We conclude that Armstead has not shown that even in light of the strong evidence against him, there is a reasonable probability that he would not have plead guilty and that he would have insisted on going to trial.

Armstead previously had been convicted of the first-degree offense of attempted capital murder for shooting a man with a gun during the course of another aggravated robbery. The seriousness of that offense, when combined with the knowledge that Armstead previously shot someone during a robbery, would most probably have caused a judge or jury to impose a sentence at or near the maximum sentence possible. An offer of two forty-year concurrent sentences clearly was a good deal for Armstead. Otherwise he was subject to receiving two *consecutive* 99-year (life) sentences.[3] With the forty-year sentence under the plea bargain, Armstead might see his freedom again. Under the two 99-year sentences, he would surely live out the rest of his days in prison. In light of these circumstances, Armstead has not established that but for Campos' advice, he would have rejected the plea bargain. *See Smith v. McCotter,* 786 F.2d 697 (5th Cir.1986) and *Long v. United States,* 883 F.2d 966 (11th Cir.1989). He has not shown that the guilty

---

[3]*See* § 12.42 Texas Penal Code.

18

plea process was unreliable or fundamentally unfair. *Lockhart v. Fretwell, supra,* --- U.S. at ----, 113 S.Ct. at 841. Moreover, he has not shown that he was deprived of any substantive or procedural right to which the law entitles him. *Ibid.,* at ----, 113 S.Ct. at 844.

The instant case is very similar to another case from this Circuit, *United States v. Fuller,* 769 F.2d 1095 (5th Cir.1985). In *Fuller,* the defendant sought habeas relief, contending that misinformation given to him by his lawyer invalidated his guilty plea. The district court had erroneously advised Fuller that the maximum penalty for his offense was a fifteen-year prison sentence and a $25,000 fine, when in fact the maximum sentence was only five years and the maximum fine only $15,000. The attorney failed to correct the trial judge when he misstated the maximum sentence. Fuller also maintained that his lawyer advised him to plead guilty in order to avoid the very strong possibility of receiving the maximum sentence if he angered the Court by pleading innocent. Fuller contended that his lawyer advised him that the prosecutor would recommend a lesser sentence if Fuller would change his plea to guilty. At the sentencing, the prosecutor made no recommendation concerning Fuller's sentence and neither Fuller, nor Fuller's lawyer, called attention to the newly asserted promise that the prosecutor would recommend a lighter sentence. The defendant feared that, if he proceeded to trial and were convicted, he would receive the maximum sentence. Thus, rather than going to trial, he pleaded guilty in the hope of receiving a lesser

19

sentence.  We held that, under the test laid out in *Strickland*[4], Fuller failed to demonstrate that the misinformation induced him to enter the plea or that it prejudiced him.

Fuller was faced with what appeared to be overwhelming evidence of guilt.  While it was debatable whether Fuller might have accepted the risk of the five year sentence in the hope of an acquittal at trial had he been properly advised that the maximum sentence was only five years rather than fifteen, we nonetheless concluded that Fuller was not erroneously induced to believe that he would benefit from pleading guilty.  He was not led to believe that a guilty plea would reduce his maximum sentence.  He merely pleaded guilty in the expectation of possible consequences graver than those he actually faced.

*Fuller* is very similar to the instant case.  Armstead was not erroneously induced into believing that he would benefit from pleading guilty.  He did in fact benefit by pleading guilty in light of the tremendous evidence against him.  In light of the strong evidence against him, the two concurrent forty year sentences constituted a beneficial deal for Armstead compared to the possibility of two consecutive ninety-nine year sentences had he gone to trial and received the maximum sentence.

In fact, Armstead presents an even stronger case for a finding of failure to show prejudice than *Fuller.*  In *Fuller,* it was at

---

[4]*Fuller* was decided two months before *Hill* was handed down by the United States Supreme Court;  nonetheless, this Court considered Fuller's claim under the *Strickland* two-prong test even though *Hill* had not yet applied *Strickland* in the guilty plea scenario.

20

least debatable that the defendant might have risked going to trial and receiving a five year sentence rather than pleading guilty in light of an alleged promise that the prosecutor would recommend a lesser sentence. Fuller in fact did receive a five year sentence, and yet we concluded he did not make a sufficient showing of prejudice. If Fuller did not bear his burden of establishing prejudice, then, *a fortiori,* Armstead has not borne his burden of demonstrating prejudice. Moreover, even if Armstead has arguably shown at least some prejudice, he clearly has not shown the "appreciable" amount of prejudice required under *Lockhart v. Fretwell* and *Spriggs v. Collins, supra.*

## *Conclusion*

The state court findings of fact as to the first seven of Armstead's allegations were properly accorded a presumption of correctness by the district court. As to Armstead's eighth contention, that of the false promise, assuming *arguendo* that defense counsel's performance was deficient and did in fact make the false promise when none in fact existed, Armstead has not made the requisite showing of prejudice. The judgment of the district court is AFFIRMED.