IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-40543
Summary Calendar
_____

JOEL DAVILA,

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION,

Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-96-CV-5
- - - - - - - - - -
July 2, 1997

Before JONES, DeMOSS and PARKER, Circuit Judges.

PER CURIAM:[*]

Joel Davila, # 611966, appeals the denial of his application
for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The
district court granted a certificate of appealability (COA) on
the issue of ineffective assistance of counsel.  Davila argues
that his guilty plea was unknowing and involuntary due to
counsel's ineffective assistance, because counsel erroneously

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

informed him that he was charged with simple sexual assault, not aggravated sexual assault.  He also contends that counsel failed to investigate the case,[**] failed to call witnesses in favor of the defense[***], and failed to pursue "predicatory procedures" that would have effectually preserved errors for appeal.[****]  Davila has failed to show that he is entitled to habeas corpus relief.  See Hill v. Lockhart, 474 U.S. 52, 59 (1985); Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994), cert. denied, 115 S. Ct. 1709 (1995).  The Respondent's motion to dismiss the appeal is DENIED.

AFFIRMED.

---

[**]  Davila did not allege the specifics of this claim in the district court, and so his allegations relating to counsel's failure to investigate the case, made for the first time on appeal, will not be considered.  Alexander v. McCotter, 775 F.2d 595, 603 (5th Cir. 1985).

[***]  This alleged error is irrelevant in the context of a guilty plea.

[****]  Davila provides no facts or argument for this alleged error in his brief, and so it is not considered.  See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).