Ray G. BOBBITT, II, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 12A04–9908–PC–362.

Court of Appeals of Indiana.

March 28, 2000.

Donald E. Currie, Douglas & Currie, P.C., Frankfort, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Kristin T. Givens, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

MATTINGLY, Judge

Ray G. Bobbitt, II appeals the denial of his petition for post-conviction relief. He raises two issues, which we restate as:

1. Whether Bobbitt was adequately advised of his statutory rights when the trial court told him that the maximum sentence he could receive for all pending causes was twelve years, but when in fact the maximum sentence was only ten years; and

2. Whether the trial court erred by imposing a sentence longer than the pre-

sumptive sentence without finding any aggravating factors justifying an enhanced sentence.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On November 16, 1996, Bobbitt was charged with operating a vehicle while suspended as an habitual traffic violator and operating a vehicle while intoxicated, both Class D felonies. He was subsequently charged with two additional counts of operating a vehicle while suspended as an habitual traffic violator, as Class D felonies, arising out of his conduct on December 24, 1996 and October 29, 1997.

Bobbitt entered into an agreement to plead guilty to all counts in exchange for an aggregate sentence of four years, ninety days. On May 27, 1998, Bobbitt was sentenced according to the terms of the plea agreement.

## DISCUSSION AND DECISION

1. *Advisement of Statutory Rights*

In order to prevail on his petition for post-conviction relief, Bobbitt had to establish by a preponderance of the evidence that he was entitled to relief. *Canaan v. State*, 683 N.E.2d 227, 228–29 (Ind.1997), *cert. denied*, 524 U.S. 906, 118 S.Ct. 2064, 141 L.Ed.2d 141 (1998). Having been denied relief, however, Bobbitt is in the position of one who appeals a negative judgment; the trial court's denial of his petition for post-conviction relief will not be reversed unless the evidence is undisputed and leads inevitably to an opposite conclusion. *Id.*

During the guilty plea hearing, the trial court advised Bobbitt that the maximum sentence which could be imposed upon him as a result of his guilty pleas to four Class D felonies was twelve years. The trial court was incorrect inasmuch as two of the felonies arose out of the same course of conduct. The maximum term to which Bobbitt could have been sentenced was ten years. Ind.Code § 35–50–1–2(c).

Bobbitt contends that the trial court's error in failing to adequately advise him as to the maximum cumulative sentence rendered his plea involuntary and unintelligent. He argues that had he known that the maximum cumulative sentence was ten years rather than twelve, he would not have entered into the plea agreement.

According to Ind.Code § 35–35–1–2, a defendant is entitled to be informed of the maximum possible sentence and minimum sentence for the crime charged. Neither the statute nor the decisions of our appellate courts specifically addresses the question whether a defendant is entitled to be advised as to the maximum cumulative sentence when the plea agreement covers guilty pleas to more than one crime.

However, we need not reach this issue, as Bobbitt has failed to show that he was prejudiced by the trial court's error. The cumulative sentence to which Bobbitt agreed was four years and ninety days–far less than the maximum allowable sentence of ten years. We cannot say the trial court erred when it denied Bobbitt post-conviction relief on this issue.

In *United States v. Fuller*, 769 F.2d 1095 (5th Cir.1985), the defendant sought a writ of *habeas corpus* contending that he entered a guilty plea because he was advised by the trial court that the maximum penalty for the offense with which he was charged was fifteen years when in fact the maximum penalty was five years. The court there noted that a trial court's misadvice as to the maximum term of imprisonment does not necessarily entitle a defendant to post-conviction relief:

> Post-conviction relief on the basis of misinformation concerning the possible sentence may be granted only if it constitutes constitutional error, 'a complete miscarriage of justice,' is inconsistent 'with the rudimentary demands of fair procedure,' or if prejudice ... can be shown.

*Id.* at 1099 (citations omitted). The *Fuller* court noted that it had sometimes granted relief when a guilty plea was entered in reliance on an overstatement of the possible sentence. However, such relief had been granted only when the defendant was "erroneously induced to believe he would benefit from pleading guilty." *Id.* at 1098. Specifically, those cases involved situations where the defendant was erroneously advised that he had been charged with additional offenses which would be dropped in exchange for a guilty plea.

Bobbitt's plea was not the result of any such "erroneous inducement," as he was properly informed of the charges against him and the plea agreement encompassed all of the charges. We find no prejudice resulting from Bobbitt's misadvisement.

### 2. *Failure to Find Aggravating Factors*

 In the plea agreement, Bobbitt agreed to plead guilty to the maximum sentence of three years for one of the Class D felony counts. Bobbitt argues that the trial court erred in imposing the maximum sentence on this count without finding any aggravating factors to support the sentence. We disagree.

When a court accepts a plea agreement, it is strictly bound by the sentencing provision of the agreement and is foreclosed from any further exercise of its sentencing discretion. *Stewart v. State,* 517 N.E.2d 1230, 1232 (Ind.1988). When a trial court finds acceptable a sentence that has been recommended to it and agreed to by the parties, that fact by itself justifies the imposition of an enhanced sentence. *Munger v. State,* 420 N.E.2d 1380, 1386 (Ind.Ct.App.1981).

Because Bobbitt's plea agreement expressly provided that the maximum sentence would be imposed, the trial court was under no duty to explain its reasons for imposing the sentence to which the parties agreed. *Phillips v. State,* 441 N.E.2d 201, 207 (Ind.1982).

Affirmed.

BAILEY, J., and BAKER, J., concur.