IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-21140
Summary Calendar
_____

MICHAEL ALAN TRACY,

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CV-118
_____
July 7, 2000

Before POLITZ, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Michael Alan Tracy, a Texas state prisoner, appeals the denial of his petition for

habeas relief under 28 U.S.C. § 2254. The district court granted a Certificate of

Appealability on the issue whether Tracy failed to establish the requisite prejudice

resulting from his trial counsel's alleged deficient performance.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Tracy contends that he received ineffective assistance of counsel because his attorney failed to file a motion to suppress his confession. He maintains that his confession was the fruit of an unlawful warrantless arrest. He asserts that he would not have pleaded guilty to the charge of aggravated burglary had he been advised properly regarding the alleged inadmissibility of his confession. Tracy further contends that he was prejudiced by his attorney's deficient performance because his confession constituted the only evidence to corroborate any accomplice testimony, and that without it he could not have been convicted under Texas law.

The district court correctly recognized Tracy's claim as governed by the two-pronged test detailed in Strickland v. Washington.[2] Under that test, a defendant claiming ineffective assistance of counsel must prove: (1) that his counsel's performance was deficient in that it fell below an objective standard of reasonableness, and (2) that the deficient performance prejudiced his defense.[3] In the context of guilty pleas, to satisfy the second part, the prejudice requirement, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[4] The requisite prejudice

---

[2]466 U.S. 668 (1984).

[3]Strickland, 466 U.S. at 687. See also Williams v. Taylor, 120 S. Ct. 1495, (2000) (recognizing the Strickland test as the established legal standard for determining claims of ineffective assistance of counsel).

[4]Hill v. Lockhart, 474 U.S. 52, 59 (1985).

2

depends upon whether the proposed action likely would have succeeded and changed the outcome of trial.[5]

Although the district court noted the proper standard for review of Tracy's sixth amendment claim, it imposed a heavier burden to establish prejudice than is required. Tracy's burden is to show that there is a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[6] Although Strickland requires the court to consider the "totality of the evidence" when determining prejudice,[7] it does not require that Tracy prove his confession is the sole evidence available to the prosecution, assuming its inadmissibility.

The judgment appealed must therefore be vacated and this case must be remanded for reconsideration of Tracy's habeas corpus petition. Upon remand, the district court should determine, under the standards as set forth in Strickland and Hill, whether Tracy has established the requisite prejudice. The court, however, may opt to begin its analysis of the sixth amendment claim by considering the first prong of the Strickland test, *i.e.*, whether his counsel's performance was deficient. The district court may apply any provision of 28 U.S.C. § 2254(d) it deems appropriate for review of Tracy's habeas corpus petition.

VACATED AND REMANDED.

---

[5]Id.; see Armstead v. Scott, 37 F.3d 202 (5th Cir. 1994) (stating that to show prejudice from ineffective counsel at a guilty plea, the defendant must show what the outcome of trial might have been).

[6]Hill, 474 U.S. at 59.

[7]Strickland, 466 U.S. at 697,