United States Court of Appeals,

Fifth Circuit.

No. 94-50194.

UNITED STATES of America, Plaintiff-Appellee,

v.

Jorge Rodrigo GARCIA, Defendant-Appellant.

March 18, 1996.

Appeal from the United States District Court for the Western District of Texas.

Before POLITZ, Chief Judge, and JONES and BENAVIDES, Circuit Judges.

POLITZ, Chief Judge:

Jorge Rodrigo Garcia appeals the denial of his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. We affirm.

*Background*

On November 25, 1990, Louis Rocha, a United States Border Patrol Agent, was working FM 2644 about 20 miles west of Carrizo Springs, Texas. Rocha noticed a man, later identified as Garcia, near a white pickup stopped on the side of the road. Rocha asked if there was a problem; Garcia responded that the truck had run out of fuel. Rocha offered to radio for help or to give Garcia a ride. Garcia declined and continued on foot. Rocha returned to the white truck and observed that the window was rolled down, the door was unlocked, binoculars and a pouch were on the seat, and a CB radio was partially under the seat. As Rocha moved his car to the side of the road to allow passage of three vehicles—a red

1

truck, a gray Suburban, and an automobile—all going in the direction Garcia had walked, he detected a strong odor of marihuana and noticed plastic wrapping protruding out of the truck's toolbox.[1]  Upon lifting the toolbox cover Rocha discovered approximately 220 pounds of marihuana.  Rocha promptly drove to where the walking Garcia should have been by that time but he was not there.  Rocha broadcast a description of Garcia and the three vehicles.  A deputy sheriff heard the transmission and intercepted the red truck, driven by Garcia's brother with Garcia as a passenger, asked them for identification, and questioned them. They then, as directed, followed the deputy to the border patrol station for further questioning.  Garcia was placed under arrest there and given the *Miranda* warnings.

Garcia was charged, tried, and convicted by a jury of possession with intent to distribute more than 50 kilograms of marihuana, and conspiracy to possess with intent to distribute more than 50 kilograms of marihuana.  The convictions were affirmed on appeal.[2]  Garcia's instant 28 U.S.C. § 2255 motion contends that he was denied effective assistance of counsel.

Garcia claims that his trial counsel were ineffective for several reasons.  He maintains that counsel's failure to move for a judgment of acquittal at the close of all the evidence resulted in the affirmance of his conviction because this court could only

---

[1]The toolbox was not completely closed and was secured by bailing twine.

[2]*United States v. Garcia,* 966 F.2d 676 (5th Cir.1992) (unpublished).

2

review the record under the manifest miscarriage of justice standard instead of the less onerous sufficiency of the evidence test. He claims that trial counsel were ineffective for failing to move to suppress his statements on the grounds that he had been illegally seized and had not been given *Miranda* warnings. He further contends that his counsel failed to subpoena certain records necessary for his defense. His final charge is that his trial counsel had a conflict of interest.

## *Analysis*

In order to establish ineffective assistance of counsel a petitioner must demonstrate counsel's performance was deficient and actually prejudiced his defense.[3] To show prejudice a petitioner must demonstrate that his counsel's errors were so serious as to render his trial unreliable or unfair.[4] If our examination of the record reveals no prejudice, we need not reach *Strickland* 's deficiency prong.[5]

Garcia's first contention is that his trial counsel were ineffective for failing to move for a judgment of acquittal at the

---

[3]We do not address the issue of cause; Garcia alleges that appellate counsel's ineffective assistance constitutes cause for failing to raise trial counsel's ineffective assistance. *See Murray v. Carrier,* 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986) (ineffective assistance of counsel may constitute cause). We therefore necessarily must determine whether trial counsel were, in fact, ineffective, either to determine the underlying claim or to determine the existence of cause.

[4]*Lockhart v. Fretwell,* 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993).

[5]*United States v. Rosalez-Orozco,* 8 F.3d 198 (5th Cir.1993).

close of all the evidence, a failure which he claims resulted in the affirmance of his conviction. To determine actual prejudice in this setting we are to view the evidence as if counsel had moved for a judgment of acquittal at the close of all the evidence,[6] and inquire "whether, based on the totality of the evidence at trial, any rational trier of fact could have found that the government proved the essential elements of the crimes charged beyond a reasonable doubt."[7] We do not find this assignment of error persuasive. The evidence, as discussed in our opinion affirming the convictions on direct appeal, is sufficient to support the convictions.

The second contention is that trial counsel were ineffective for failing to seek suppression of statements made to the authorities before Garcia was given *Miranda* warnings. Garcia maintains that he was stopped unlawfully by the deputy sheriff and, while in custody, was questioned without being first given *Miranda* warnings. This complaint relates only to the statements made on the side of the road.[8]

A law enforcement officer may stop a vehicle based on a reasonable articulable suspicion.[9] Generally a person subject to such an investigative detention is not entitled to *Miranda* warnings

---

[6]*Id.*

[7]*United States v. Davis,* 61 F.3d 291, 296 (5th Cir.1995).

[8]Garcia does not claim that the statements made while at the border patrol office should be suppressed; he challenges only the statements made to the deputy sheriff on the roadside.

[9]*United States v. Shabazz,* 993 F.2d 431 (5th Cir.1993).

because he is not in custody.[10] To determine custody for *Miranda* purposes we ask whether a person in the suspect's position would have been reasonable in concluding that there was a restraint on personal movement to the degree associated with formal arrest.[11]

The challenged stop was lawful because the deputy sheriff had a reasonable articulable suspicion that the passengers were involved in illegal activities based on Rocha's discovery of the marihuana and his description of the red truck and Garcia. Moreover, Garcia was not in custody for *Miranda* purposes during the roadside encounter because a reasonable person would not have believed that his freedom of movement was restrained to the required extent. This conclusion is supported by the fact that after the questioned roadside encounter Garcia and his brother simply followed the deputy sheriff to the border patrol station and were not transported there in the deputy's vehicle.

Garcia complains that counsel failed to subpoena border patrol records to determine the accuracy of Rocha's testimony about his request for assistance, his description of the red truck and Garcia, and the time of his radio transmission. He insists that these records would establish that what occurred was not a routine border stop. These records were not necessary to establish this point. It is undisputed that what transpired was not a routine

---

[10]*Berkemer v. McCarty,* 468 U.S. 420, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984).

[11]*United States v. Bengivenga,* 845 F.2d 593 (5th Cir.) (*en banc* ), *cert. denied,* 488 U.S. 924, 109 S.Ct. 306, 102 L.Ed.2d 325 (1988).

traffic stop but, rather, a stop premised on reasonable articulable suspicion that the passengers in the red truck were involved in the trafficking of marihuana.

Finally, Garcia maintains that his trial counsel had a conflict of interest because they also represented his codefendant.[12] Prejudice is presumed with respect to a defendant's ineffective assistance of counsel claim if the defendant demonstrates that his counsel actively represented conflicting interests, and that the actual conflict of interest adversely affected counsel's performance.[13] " "Adverse effect' is a less onerous standard ... than the outcome-determinative "prejudice' standard."[14] Assuming *arguendo* that Garcia's counsel had an actual conflict of interest, this claim must fail. Garcia has not demonstrated any adverse effect and our review of the record discloses none. We can only conclude that Garcia's trial counsel did not render constitutionally ineffective assistance.

The judgment rejecting Garcia's petition for section 2255 relief is AFFIRMED.

---

[12]This argument hinges on a finding that Rene Montalvo and Jesus M. Alvarez continued to represent Garcia because they did not withdraw as counsel even though another lawyer, G. Allen Ramirez, actually handled his defense at trial. Montalvo and Alvarez represented Garcia's codefendant.

[13]*United States v. McCaskey,* 9 F.3d 368 (5th Cir.1993), *cert. denied,* --- U.S. ----, 114 S.Ct. 1565, 128 L.Ed.2d 211 (1994) (in the case of an actual conflict of interest a petitioner need not demonstrate actual prejudice).

[14]*Id.* at 381.