TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00685-CR






Jose Razo, Appellant



v.



The State of Texas, Appellee






FROM THE COUNTY COURT AT LAW NO. 3 OF TRAVIS COUNTY 


NO. 457121, HONORABLE DAVID CRAIN, JUDGE PRESIDING







 Appellant Jose Razo appeals from his conviction for unlawfully carrying on his person a
handgun. See Tex. Penal Code Ann. § 46.02 (West 1994 and Supp. 1997). Appellant entered a nolo
contendere plea and the trial court assessed appellant's punishment at confinement in the county jail for 180
days and a fine of $2,000. Imposition of sentence was suspended, appellant was placed on community
supervision for one year, and $1,500 of his fine was probated. Appellant asserts that the trial court erred
in refusing to grant his motion to suppress evidence. We will overrule appellant's point of error and affirm
the trial court's judgment.

 In the early morning hours of April 18, 1996, Austin Police Officer Paul Caderly and other
officers responded to a report that gunshots had been fired near an apartment complex. On the complex
parking lot, the officers found twelve spent shotgun shells. The officers saw no people on the parking lot
and left. Forty-five minutes later, at about 3:00 a.m., Officer Caderly, who was then alone, received
another call from a dispatcher reporting more gunshots at the same apartment complex. The dispatcher
gave Officer Caderly a definite location on the parking lot where two Hispanic men had been seen putting
a gun into the trunk of a silver Hyundai Excel. While en route to the parking lot, Officer Caderly received
an update from the dispatcher that there were now four Hispanic men near the car. Within five minutes,
Officer Caderly drove onto the parking lot. He easily located the silver Hyundai Excel where it was
reported to be; four Hispanic men were nearby. No other people were on the parking lot and there were
no other cars matching the description. The silver Hyundai Excel was about forty yards from the place
where earlier the officers had seen the twelve spent shotgun shells. The parking lot was dimly lit. Fearing
for his safety and intending to make a protective pat-down-frisk of the four men, Officer Caderly told the
men to place their hands on the Hyundai. Before frisking the men, Officer Caderly asked, "Who has the
gun?" Appellant replied, saying he had a gun in his right front pocket. In appellant's pocket, Officer
Caderly found a .25 caliber automatic handgun. The gun's magazine loaded with six rounds of ammunition
was found in appellant's right back pocket. Officer Caderly then inquired about a shotgun and was given
the keys to the Hyundai's trunk; in the trunk he found a shotgun that had been fired recently. Appellant was
arrested for carrying the handgun.

 The issue for the trial court's decision on the motion to suppress was whether the officer's
investigatory detention of appellant was justified. An investigatory stop is justified if an officer, based upon
specific articulable facts, reasonably believes that the person detained may be associated with crime. See
Terry v. Ohio, 392 U.S. 1, 21 (1968); David v. State, 829 S.W.2d 218, 219 (Tex. Crim. App. 1992);
Meeks v. State, 653 S.W.2d 6, 12 (Tex. Crim. App. 1983). "When reviewing an investigative detention
under either state or federal law, it is accepted that 'law enforcement officers may stop and briefly detain
a person suspected of criminal activity on less information than is constitutionally required for probable
cause for arrest.'" Johnson v. State, 912 S.W.2d 227, 235 (Tex. Crim. App. 1995); Crocket v. State,
803 S.W.2d 308, 311 (Tex. Crim. App. 1991). Nevertheless, even a temporary detention of this kind is
not permissible unless the circumstances upon which the officers rely objectively support a reasonable
suspicion that the person detained actually is or has been, or soon will be engaged in a criminal activity. 
See id.

 There is no separate complaint to the admissibility of appellant's reply to Officer Caderly's
question. However, Terry stops do not render a person in custody for purposes of Miranda v. Arizona,
384 U.S. 436 (1966) warnings. See United States v. Galbrerth, 846 F.2d 983, 994 (5th Cir. 1988). 
Generally, persons subject to investigative detention are not entitled to Miranda warnings because they are
not in custody. See United States v. Garcia, 77 F.3d 857, 859 (5th Cir. 1996). Questioning during
investigative detention does not constitute custodial interrogation. See Anderson v. State, 787 S.W.2d
221, 228 (Tex. App.--Fort Worth 1990, no pet.); see also New York v. Quarles, 467 U.S. 649 (1984).

 In suppression hearings, the trial court is the sole trier of fact and judge of the credibility
of the witnesses and the weight to be given their testimony. Romero v. State, 800 S.W.2d 539, 543 (Tex.
Crim. App. 1991). The trial court may accept or reject any or all of a witness's testimony. See Alvarado
v. State, 853 S.W.2d 17, 23 (Tex. Crim. App. 1993). In reviewing the trial court's decision, an appellate
court does not engage in its own factual review; it determines only whether the record supports the trial
court's findings. See Romero, 800 S.W.2d at 543; Carroll v. State, 911 S.W.2d 210, 222 (Tex.
App.--Austin 1995, no pet.). The appellate court is not at liberty to disturb supported findings of fact
absent an abuse of discretion. See Etheridge v. State, 903 S.W.2d 1, 15 (Tex. Crim. App. 1994); Cantu
v. State, 817 S.W.2d 74, 77 (Tex. Crim. App. 1991); Rodriguez v. State, 939 S.W.2d 211, 215 (Tex.
App.--Austin 1997, no pet.).

 The trial court, after hearing the evidence on the motion to suppress, concluded that there
was a reasonable suspicion for Officer Caderly to make an investigatory detention of appellant--a valid
Terry stop. In reviewing the facts, we find they support the trial court's refusal to grant the motion to
suppress.

 A person who intentionally or knowingly discharges a firearm in a public place commits a
class B misdemeanor. See Tex. Penal Code Ann. § 42.01(a)(9), (c), (d) (West 1994 & Supp. 1997). 
The officers first went to the apartment complex parking lot because of reported firearms shots. Although
they found no one on the parking lot, the twelve spent shotgun shells they found on the lot were
circumstantial evidence that confirmed the report that shots had been fired there. Within forty-five minutes,
there was another report of firearms being discharged on the same parking lot. In addition, the report was
that two Hispanic men were seen placing a gun in the trunk of a silver Hyundai Excel at a specific place on
the lot. In the updated report, Officer Caderly was told there were four Hispanic males near the Hyundai
Excel. When Officer Caderly drove onto the dimly lit parking lot, he saw only one car that matched the
description he had been given; there were four Hispanic men standing nearby. The Hyundai was forty
yards from where the officers had earlier found the twelve spent shot gun shells.

 This evidence was sufficient for the trial court to find that Officer Caderly had articulable
facts to reasonably suspect that one or more of the four men, may have recently committed the criminal
offense of discharging a firearm in a public place. Although he did not have probable cause to arrest the
men, the officer had articulable facts to support his suspicion that they may have engaged in criminal activity
and that they might have been armed and dangerous. Officer Caderly in these circumstances had authority
to make a Terry stop. After appellant said he had a gun in his pocket, the officer had probable cause to
arrest and search the appellant. The trial court did not abuse its discretion in denying appellant's motion
to suppress. Appellant's point of error is overruled.

 The judgment is affirmed.



 Carl E. F. Dally, Justice

Before Chief Justice Carroll, Justices Aboussie and Dally *

Affirmed

Filed: October 16, 1997

Do Not Publish



* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. See Tex.
Gov't Code Ann. § 74.003(b) (West 1988).



dial interrogation. See Anderson v. State, 787 S.W.2d
221, 228 (Tex. App.--Fort Worth 1990, no pet.); see also New York v. Quarles, 467 U.S. 649 (1984).

 In suppression hearings, the trial court is the sole trier of fact and judge of the credibility
of the witnesses and the weight to be given their testimony. Romero v. State, 800 S.W.2d 539, 543 (Tex.
Crim. App. 1991). The trial court may accept or reject any or all of a witness's testimony. See Alvarado
v. State, 853 S.W.2d 17, 23 (Tex. Crim. App. 1993). In reviewing the trial court's decision, an appellate
court does not engage in its own factual review; it determines only whether the record supports the trial
court's findings. See Romero, 800 S.W.2d at 543; Carroll v. State, 911 S.W.2d 210, 222 (Tex.
App.--Austin 1995, no pet.). The appellate court is not at liberty to disturb supported findings of fact
absent an abuse of discretion. See Etheridge v. State, 903 S.W.2d 1, 15 (Tex. Crim. App. 1994); Cantu
v. State, 817 S.W.2d 74, 77 (Tex. Crim. App. 1991); Rodriguez v. State, 939 S.W.2d 211, 215 (Tex.
App.--Austin 1997, no pet.).

 The trial court, after hearing the evidence on the motion to suppress, concluded that there
was a reasonable suspicion for Officer Caderly to make an investigatory detention of appellant--a valid
Terry stop. In reviewing the facts, we find they support the trial court's refusal to grant the motion to
suppress.

 A person who intentionally or knowingly discharges a firearm in a public place commits a
class B misdemeanor. See Tex. Penal Code Ann. § 42.01(a)(9), (c), (d) (West 1994 & Supp. 1997). 
The officers first went to the apartment complex parking lot because of reported firearms shots. Although
they found no one on the parking lot, the twelve spent shotgun shells they found on the lot were
circumstantial evidence that confirmed the report that shots had been fired there. Within forty-five minutes,
there was another report of firearms being discharged on the same parking lot. In addition, the report was
that two Hispanic men were seen placing a gun in the trunk of a silver Hyundai Excel at a specific place on
the lot. In the updated report, Officer Caderly was told there were four Hispanic males near the Hyundai
Excel. When Officer Caderly drove onto the dimly lit parking lot, he saw only one car that matched the
description he had been given; there were four Hispanic men standing nearby. The Hyundai was forty
yards from where the officers had earlier found the twelve spent shot gun shells.

 This evidence was sufficient for the trial court to find that Officer Caderly had articulable
facts to reasonably suspect that one or more of the four men, may have recently committed the criminal
offense of discharging a firearm in a public place. Although he did not have probable cause to arrest the
men, the officer had articulable facts to support his suspicion that they may have engaged in criminal activity
and that they might have been armed and dangerous. Officer Caderly in these circumstances had authority
to make a Terry stop. After appellant said he had a gun in his pocket, the officer had probable cause to
arrest and search the appellant. The trial court did not abuse its discretion in denying appellant's motion
to suppress. Appellant's point of error is overruled.

 The judgment is affirmed.



 Carl E. F. Dally,