IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-20175
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE FERNANDO VIDEA,

Defendant-Appellant.
_____

Appeal from the United States District Court for the
Southern District of Texas
USDC No. H-93-CR-217-4
_____

June 20, 2000

Before REYNALDO G. GARZA, JOLLY, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

The petitioner, Jose Fernando Videa, seeks habeas relief under 28 U.S.C. § 2255. Videa was convicted on one count of conspiracy to possess with intent to distribute cocaine in contravention of 21 U.S.C. §§ 841 & 846. This conviction was affirmed on direct appeal. See United States v. Videa, 94-20666 (5th Cir. 1995). Following the district court's denial of Videa's first petition for habeas relief, our court granted Videa a COA limited to one issue:

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"[W]hether Videa was denied effective assistance of counsel because counsel failed to move for a judgment of acquittal at the close of all evidence and/or make a timely postjudgment motion for a new trial." After reviewing the evidence supporting Videa's conviction under the "reasonable trier of fact" standard, we hold that Videa was not prejudiced by counsel's failure to renew his motion for judgment of acquittal at the close of all of the evidence, and thus affirm the district court.

To succeed on a claim of ineffective assistance of counsel, the petitioner must demonstrate that (1) his counsel's performance was deficient, and (2) that as a result of this deficiency, he suffered actual prejudice. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Armstead v. Scott, 37 F.3d 202, 206 (5th Cir. 1994). Counsel's performance will be rendered deficient if the petitioner can establish that it fell below an objective standard of reasonableness as measured by prevailing professional standards. Id. A showing of actual prejudice requires the petitioner to demonstrate that "but for counsel's unprofessional errors, the result of the proceeding would have been different." United States v. Anderson, 987 F.2d 251, 261 (5th Cir. 1993). The failure of the petitioner to establish either element will prove fatal to his claim. See Kirkpatrick v. Blackburn, 777 F.2d 272, 285 (5th Cir. 1985).

2

Turning to the case before us, Videa argues that as a result of counsel's failure to renew this motion, counsel "narrowed the scope of [appellate] review." See United States v. Willis, 38 F.3d 170, 177-78 (5th Cir. 1994). Instead of reviewing the sufficiency of the evidence supporting his conviction under the "reasonable trier of fact" standard, see United States v. Resio-Trejo, 45 F.3d 907, 910-11 & n.6 (5th Cir. 1995), counsel's failure to renew this motion resulted in appellate review under the "manifest miscarriage of justice" standard. See United States v. Pierre, 958 F.2d 1304, 1310 (5th Cir. 1992).[1] Thus, Videa argues, he suffered actual prejudice.

To demonstrate actual prejudice, Videa must establish that "based on the totality of the evidence at trial, [no] rational trier of fact could have found that the government proved the essential element of the crime charged beyond a reasonable doubt." See United States v. Garcia, 77 F.3d 857, 859 (5th Cir. 1996);

---

[1]As noted by the panel of our court reviewing Videa's conviction on direct appeal, there has been some debate regarding whether there is a difference between the "miscarriage of justice" and the "reasonable trier of fact" standards. See United States v. Pennington, 20 F.3d 593, 597 & n.2 (5th Cir. 1994); United States v. Davis, 583 F.2d 190, 198-99 (5th Cir. 1978)(Clark, J., concurring)(stating that the two standards are "indistinguishable"). However, because we are without the authority to reverse the judgment of a prior panel, see Barber v. Johnson, 145 F.3d 234, 237 (5th Cir. 1998), we will review Videa's ineffective assistance claim under the "reasonable trier of fact" standard.

<u>United States v. Rosalez-Orozco</u>, 8 F.3d 198, 199-200 (5th Cir. 1993).  In reviewing challenges to the sufficiency of the evidence under this standard, "we review the evidence, whether direct or circumstantial, in the light most favorable to the jury verdict." <u>Resio-Trejo</u>, 45 F.3d at 910 (quoting <u>United States v. Nguyen</u>, 28 F.3d 477, 480 (5th Cir. 1994)).  Further, "all credibility determinations and reasonable inferences are to be resolved in favor of the verdict."  <u>Id.</u>  at 911.

At trial, the government offered the following evidence: (1) The testimony of co-conspirator Roman Suarez that Videa was present in February 1989 when 85 kilograms of cocaine belonging to Videa's brother, Juan Francisco Videa ("Juan"), "disappeared."  In an attempt to recover this cocaine, Videa was present and involved in several meetings and conversations, and traveled with Juan to Chicago, Illinois.  (2) The testimony of Rhonda Ellen Schmidlin, co-conspirator Steve Vellon's girlfriend, that on one occasion, after Vellon received a page, she and Vellon went to a McDonalds's parking lot to meet Videa.  At this meeting, Vellon and Videa exchanged bags.  Although Schmidlin did not know what was inside the bag Vellon gave Videa, there was a substantial sum of money in the bags Videa gave Vellon. Additionally, Schmidlin testified that in response to her questioning of Videa regarding why Vellon and Juan had gone to Columbia, Videa told her not to tell anyone where

Vellon and Juan were "because it would get a lot of people in trouble." (3) The testimony of Asher Hadad that following his testimony at the criminal trial of Juan, Videa threatened him. (4) Evidence establishing that Videa was registered at the hotel in Houston, Texas, which served as the drop point for two cocaine shipments from Columbia, on dates that corresponded to the dates on which these shipments arrived. (5) Evidence establishing that Videa used drug proceeds to purchase real estate on behalf of Juan. (6) Records from Juan's auto repair shop indicating that several checks were issue to Videa for the purchase of beepers, and that despite no employment record--records found for all other employees--Videa received payroll draws. (7) Evidence related to Videa's prior arrest and conviction for possession with intent to distribute cocaine offered to prove Videa's intent.

After reviewing the evidence adduced at trial, it is clear that a reasonable trier of fact could have found that the government established (1) the existence of an agreement between two or more people to traffic cocaine; (2) that Videa knew of the agreement; and (3) that Videa voluntarily participated in the agreement. See 21 U.S.C. § 846 (West 1999); United States v. Maltos, 985 F.2d 743, 746 (5th Cir. 1992). Thus, Videa suffered no actual prejudice as a result of his counsel's failure to renew his

motion for judgment of acquittal at the close of all of the evidence.

The district court's judgment denying the petitioner's request for habeas relief is

A F F I R M E D.