United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 16, 2004**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 03-51116
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOAQUIN CERVANTES-MORALES,

Defendant-

Appellant.

-----------------------------------------------------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. DR-02-CR-614-1-AML
-----------------------------------------------------------------

Before SMITH, DeMOSS AND STEWART, Circuit Judges:

PER CURIAM:[*]

Joaquin Cervantes-Morales entered a conditional guilty plea to conspiracy to possess with

intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B) and 846. Cervantes

was sentenced to 37 months in prison and five years of supervised release. He appeals the district

court's order denying his motion seeking the suppression of his incriminating statements.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Cervantes argues that he was detained for Fourth Amendment purposes during a roadside encounter with border patrol agents. He points to the following facts. Cervantes was detained for over an hour at the Comstock, Texas, border patrol station. Agent Jose Rendon followed Cervantes in a marked police cruiser when he left the station. After Cervantes pulled to the side of the road and activated his safety hazard lights, Agent Rendon pulled in behind him and activated his emergency flashing lights. Shortly thereafter, Agent Francisco Hernandez pulled up behind Agent Rendon and activated his emergency flashing lights. The agents questioned Cervantes and asked permission to search his car. Cervantes waited inside Agent Rendon's cruiser during the search and then was released from the cruiser. Cervantes contends that these facts, along with the fact that the encounter took place at 4:00 a.m., amount to a seizure that required an articulable reasonable suspicion of criminal activity.

It is undisputed that the border patrol agents did not exert any physical force over Cervantes. Reviewing the record for clear error, as we must, we conclude that the agents' conduct and speech had no coercive effect on Cervantes. See United States v. Mask, 330 F.3d 330, 334-35, 337 (5th Cir. 2003). Because, under the circumstances surrounding the incident, a reasonable and innocent person would have believed that he was free to leave, we conclude that the district court did not clearly err in determining that the roadside encounter did not amount to a seizure for Fourth Amendment purposes. See United States v. Mendenhall, 446 U.S. 544, 554 (1980); Mask, 330 F.3d at 336.

Cervantes argues that his detention ripened into a full custodial arrest when he agreed to accompany the agents back to the Comstock station and that his consent to do so was the result of coercion or duress. The evidence showed that Cervantes was asked, not commanded, to follow the agents back to the Comstock station. The fact that Cervantes' vehicle was between the agents' two

cruisers on the trip back is not decisive. The Government's evidence showed that Cervantes agreed to follow the agents in his own car despite the absence of any threats or show of force and that the agents did not use their emergency flashing lights for the trip back to the station. The totality of the evidence in this case was adequate to support the district court's finding that Cervantes voluntarily consented to accompany the agents to the Comstock station. See Mendenhall, 446 U.S. at 557-58; United States v. Brunson, 549 F.2d 348, 358 (5th Cir. 1977).

Alternatively, Cervantes argues that his detention ripened into a full custodial arrest while he waited in the border patrol station for over three hours before being interviewed. The evidence showed that Agents Rendon and Hernandez took Cervantes into the station through a doorway that leads into a hallway full of supervisory offices. It is unclear where he was left to wait. However, the evidence showed that he was not taken into the back of the station where aliens are processed and where the holding cells are located. Instead, Cervantes was left unattended while agents processed illegal aliens that had been apprehended contemporaneously with Cervantes' roadside encounter. Under these circumstances, no reasonable person would have understood the situation to constitute a restraint on his freedom such as is normally associated with a formal arrest. See United States v. Garcia, 77 F.3d 857, 860 (5th Cir. 1996). Thus, the district court did not err in finding that there was no custodial arrest for purposes of the Fourth Amendment.

AFFIRMED.