# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 28, 2024

Lyle W. Cayce
Clerk

No. 21-10924

Christopher Wooten,

*Petitioner—Appellant*,

*versus*

Bobby Lumpkin, *Director, Texas Department of Criminal Justice, Correctional Institutions Division*,

*Respondent—Appellee*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:19-CV-157

---

Before Elrod, Willett, and Duncan, *Circuit Judges*.

Jennifer Walker Elrod, *Circuit Judge*:

Christopher Wooten seeks habeas relief from his state conviction and sentence on the ground that the state court impermissibly used a non-final conviction to enhance his sentence. The district court denied his petition, finding that he could not surpass the relitigation bar found in 28 U.S.C. § 2254(d). Because any error by the state court was harmless, we AFFIRM.

I

No. 21-10924

Wooten was arrested in February 2016 after he failed several field sobriety tests during a traffic stop. Wooten's blood alcohol level was .265, more than three times the legal limit. He was charged with felony DWI because he had previous DWI convictions. Texas has an escalating system for DWI offenses. Pertinent here, a third DWI can be charged as a felony, Tex. Penal Code § 49.09(b)(2), 12.34, while a first or second DWI can only be charged as misdemeanors, Tex. Penal Code §§ 49.04, 49.09. For a felony DWI, prior DWIs are elements of the offense and must be proved to the jury. Texas also has a habitual-offender sentencing enhancement based on prior felonies. Tex. Penal Code § 12.42.

This statutory scheme is relevant because Wooten has an extensive criminal history. He received a probationary sentence in 1983 for a DWI.[1] He has misdemeanor DWI convictions in April and September of 1986 and a felony DWI conviction in 2012. He also has a felony theft conviction from 1995.

The 1983 DWI and April 1986 DWI were listed as prior offenses as part of the 2016 felony DWI charge at issue here. The 2012 felony DWI and 1995 felony theft were listed to justify the habitual offender enhancement. As a result of the felony DWI and habitual offender enhancement, Wooten faced twenty-five years to life in prison.

Wooten initially agreed to plead guilty in exchange for an eight-year sentence, but the state trial judge rejected the agreement. Wooten then agreed to plead guilty in exchange for a thirteen-year sentence and waiver of one of the felony enhancements. His plea agreement included an appeal waiver. Without the knowledge of his lawyer, Wooten mailed several

---

[1] The nature of the 1983 charge—whether it was a final conviction or not—is the basis of each of Wooten's arguments for habeas relief.

motions to the court, which the state trial judge denied.  The state trial judge incorrectly rejected Wooten's argument that the probationary sentence he received for the 1983 DWI was not a final conviction and could not be used as an element of felony DWI.  The state trial judge stated that he had reviewed the underlying conviction and determined that it was not a deferred adjudication.

Wooten responded that he intended to appeal the denial of his pre-trial motions.  The prosecutor stated that if Wooten planned to appeal, he would withdraw the plea offer, explaining that "if we have to do any appellate work, we might as well go to trial."  In response, Wooten decided to plead guilty and waive his right to appeal.  The plea agreement was finalized at a hearing during which the trial judge confirmed that Wooten understood that he was giving up his right to appeal.

Wooten promptly appealed, and the state appellate court dismissed the appeal because of the appeal waiver in the plea agreement.  In April 2017, Wooten filed a state habeas application, which the state habeas court denied based on lack of evidence supporting Wooten's claims.  The state habeas court construed Wooten's application as making an improper judicial conduct claim and an ineffective assistance of counsel claim.  Thereafter, the state appellate court affirmed the denial of Wooten's habeas application without written order.  Wooten filed seven additional state habeas applications, four of which were dismissed as "subsequent" under Texas's abuse-of-the-writ rules and three of which were dismissed on procedural grounds.

No. 21-10924

Wooten also filed a separate state habeas petition regarding his 1983 DWI,[2] and the state appellate court dismissed that "conviction" on the ground that it had never been finally adjudicated. The state appellate court did not address the 2016 plea agreement, which relied, in part, on the 1983 DWI.

Wooten filed a federal habeas petition, which the district court denied on the ground that his claims could not overcome § 2254(d)'s re-litigation bar. The district court denied a certificate of appealability, but this court granted one. Around the same time, Wooten asked the state appellate court to reconsider his first state habeas petition because his 1983 conviction had been dismissed. Though the Howard County District Attorney supported Wooten's motion for reconsideration and agreed to reduce Wooten's sentence to eight years, the state appellate court denied the application without written order, citing cases determining that enhancement errors were harmless because the petitioner had additional convictions that would have satisfied the requirement.[3] The state appellate court did not specifically reference any of Wooten's additional convictions.

We granted a COA for the federal habeas petition, and Wooten appealed.

II

Because federal habeas review requires analysis of the relevant state court decision, we must first determine which state court decision to evaluate. "For each claim governed by AEDPA's relitigation bar, . . . we

---

[2] The habeas petition asked for permission to file an out-of-time direct appeal of the 1983 DWI conviction.

[3] The court cited *Ex parte Rodgers*, 598 S.W.3d 262 (Tex. Crim. App. 2020), and *Ex parte Parrot*, 396 S.W.3d 531 (Tex. Crim. App. 2013).

must train our attention on the last related state-court decision that provides a relevant rationale to a particular claim." *Lucio v. Lumpkin*, 987 F.3d 451, 465 (5th Cir. 2021) (en banc) (internal citation and quotations omitted).

In *Wilson v. Sellers*, the Supreme Court provided instructions for determining whether a particular decision provides the relevant rationale. 584 U.S. 122 (2018). When a state court's denial of habeas is not explained, "the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning." *Id.* at 125. However, the state may rebut the presumption by showing that the unexplained affirmance relied or most likely relied on different grounds. *Id.* at 125–26. The unreasonableness of the lower court's decision and the fact that compelling grounds for affirmance were briefed or argued before the appellate court both weigh against the presumption that the appellate court adopted the lower court's reasoning. *Id.* at 132.

Before applying *Wilson* to the facts in this case, we must consider the possible tension between *Wilson* and *Neal v. Puckett*, 286 F.3d 230 (5th Cir. 2002) (en banc). In *Neal*, we said that "a federal habeas court is authorized by Section 2254(d) to review only a state court's 'decision,' and not the written opinion explaining that decision." *Id.* at 246. We explained that we were reaching that conclusion "[i]n the absence of clear guidance from the Supreme Court." *Id.* That instruction is seemingly at odds with *Wilson v. Sellers*, which explains that § 2254(d) "requires the federal habeas court to 'train its attention on the particular reasons—both legal and factual—why state courts rejected a state prisoner's federal claims.'" 584 U.S. at 125 (citation omitted).

We have twice noted the tension between *Wilson* and *Neal* without deciding whether *Neal* is still good law. *See Sheppard v. Davis*, 967 F.3d 458,

467 (5th Cir. 2020) (declining to decide whether *Wilson* overruled *Neal* because the case could be decided on other grounds); *Thomas v. Vannoy*, 898 F.3d 561, 568–69 (5th Cir. 2018) (noting that *Neal*'s status was unclear after *Wilson* while finding both cases inapplicable to the issue at hand). We have also applied *Wilson* without reference to any tension with *Neal*. *E.g.*, *Lucio*, 987 F.3d at 465. Our analysis in this case turns on whether we look to the state court's conclusion or its reasoning, so we cannot avoid addressing the tension between *Neal* and *Wilson*. We hold that *Wilson* requires us to look to the state court's reasoning, meaning we cannot follow *Neal*'s instruction to look only to the state court's conclusion. *Neal* acknowledged that the Supreme Court had not clearly addressed whether 2254(d) analysis focused on the state court's reasoning or its conclusion, but *Wilson* specifically answers that question.

In addition, we note that this decision is entirely consistent with the reasoning in *Neal*. That decision raised the concern that a valid state conviction would be overturned because a state court reached the correct outcome while relying on faulty reasoning. *Neal*, 286 F.3d at 246; *see also Sheppard*, 967 F.3d at 467 n.5. But *Wilson* and *Neal* only address what the federal court reviews for purposes of the § 2254(d) relitigation bar. They do not address what the federal court reviews as part of the *Brecht* harmless error analysis. *See Brown v. Davenport*, 596 U.S. 118, 136 (2022) (noting that § 2254(d)'s relitigation bar and *Brecht* harmless error consult different legal materials). In a case where the state court reaches the correct result, but provides inadequate reasons, habeas relief will be inappropriate because the error in reasoning will be harmless under *Brecht*. Our determination that *Wilson* supplants *Neal* will not usher in the concerns that *Neal* identified.

Having clarified our obligation under *Wilson*, we turn to its application in this case. Wooten contends that because the state court's denial of his

motion for reconsideration of his initial habeas petition is unreasoned, we must "look through" to the state habeas trial court's decision. We disagree.

The look-through doctrine is based on the *presumption* that an unexplained decision adopted the reasoning of the previous decision. *Wilson*, 584 U.S. at 125. That presumption can be rebutted, and this case includes both types of evidence that the *Wilson* Court identified as strong evidence that the presumption does not apply. First, "the unreasonableness of the lower court's decision itself provides some evidence" that the state court did not adopt that reasoning. *Id.* at 132. The state court for Wooten's first state habeas petition denied Wooten's petition for lack of evidence supporting his claims. But Wooten has strong, indeed ironclad, evidence that his 1983 DWI "conviction" received a probated sentence and was no conviction at all. The unreasonableness of the first state habeas court's determination that there was a lack of evidence supporting Wooten's claims is strong evidence that the state habeas court that denied Wooten's motion for reconsideration did not adopt the first state habeas court's reasoning.

In addition, though the state court that denied Wooten's motion for reconsideration of his first habeas petition did not provide reasoning, it cited multiple cases in which challenges to erroneous sentencing enhancements were denied based on harmless error in light of other qualifying convictions under state law. That was presumably in reference to Wooten's other felony convictions that could have been used to satisfy the felony DWI charge and sentencing enhancement. The strength of that reasoning compared with that of the first state habeas court suffices to rebut the presumption that the denial of Wooten's motion for reconsideration adopted the reasoning of the first state habeas court. We therefore focus our review on the state court decision that denies Wooten's motion for reconsideration based on harmless error.

No. 21-10924

Identifying the proper state-court decision to analyze occurs on a claim-by-claim basis. *Lucio*, 987 F.3d at 465. However, the state court need not expressly address each claim. *Johnson v. Williams*, 568 U.S. 289, 301 (2013). Because state courts frequently "fail to address separately [claims] that the court has not simply overlooked," there is a rebuttable presumption that the claim was adjudicated on the merits. *Id.* at 300–01. We find that presumption applies here. The state habeas court did not specifically identify each of Wooten's claims, but the harmless error rationale applied equally to all of them. We therefore determine that the denial of reconsideration is the relevant state decision for each of Wooten's claims.

III

Having identified the appropriate state court decision for review, we turn to the merits of Wooten's habeas petition. Wooten's petition raises three issues: (1) whether "the state trial court violated his right to due process when it predicated the conviction on misinformation and a misreading of court records;" (2) whether "his plea was unknowing and involuntary because trial counsel and the state trial court wrongly advised him about the nature of his enhancing conviction, which was an element of the offense under Texas law;" and (3) whether "counsel provided ineffective assistance by failing to investigate the elements listed in the indictment and failed to correct the trial court's obvious error." To establish a valid basis for granting his petition, Wooten must show that at least one of these claims passes both the relitigation bar found in § 2254(d) and the *Brecht* harmless error test. *Brown*, 596 U.S. at 122 (citing *Brecht v. Abrahamson*, 507 U.S. 619 (1993)).

A

We start with the relitigation bar. To surmount the relitigation bar found in the Antiterrorism and Effective Death Penalty Act, a § 2254

8

petitioner *must* show that the state court's denial of relief "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."   28 U.S.C. § 2254(d).

"A state court's decision is contrary to clearly established precedent if it contradicts the governing law set forth in [the Supreme Court's] cases or if the state court confronts facts that are materially indistinguishable from a decision of the Supreme Court yet reaches a different result." *Ramey v. Lumpkin*, 7 F.4th 271, 278 (5th Cir. 2021) (alteration in original) (citation and internal quotations omitted). "If fair-minded jurists could disagree about whether the state court's decision was correct, deference under AEDPA precludes federal habeas relief." *Id.*

When reviewing the state court's factual determinations under §2254(d), we are "limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).[4]  Though *Cullen* dealt with habeas review of a trial proceeding, we have applied that requirement to habeas review of a plea deal. *See Loden v. McCarty*, 778 F.3d 484, 493 (5th Cir. 2015).

The most recent decision, denial of Wooten's motion for reconsideration of his first state habeas petition, suggests that the denial for each of the claims was based on the harmlessness of the alleged error. Specifically, because Wooten had other felony convictions that could have

---

[4] Lumpkin argues that, under the plain text of AEDPA, the record limitation applies only to the petitioner, not the respondent.  While we see some merit in Lumpkin's textual argument, we assume without deciding that *Cullen*'s holding, which makes no mention of the distinction Lumpkin urges, applies to the respondent as well.

satisfied the felony DWI and sentencing enhancement requirements, the state trial court's error regarding the 1983 conviction was harmless.  There is no indication in the record before us that Wooten's other felony convictions were before the state trial court or the state habeas court.  A determination based on evidence outside of the record is arguably "an unreasonable determination of the facts *in light of the evidence presented in the State court proceeding*." 42 U.S.C. 2254(d)(2) (emphasis added).  However, we need not decide whether the state habeas court relied on evidence outside of the record or whether doing so violates 2254(d)(2) because Wooten fails to show that such an error, if it occurred, was not harmless under the *Brecht* test.[5]

B

Even assuming Wooten satisfies the relitigation bar, he must also establish that his claim satisfies the requirements of the *Brecht* test by showing that the error "had substantial and injurious effect" in determining the outcome of his case.  *Brecht*, 507 U.S. at 623.  Though *Brecht* dealt with errors that might have impacted the jury's decision, its harmless error test also applies to guilty pleas.[6]  As we will explain, even assuming the state trial

---

[5] If Wooten's other convictions were before the state habeas court, then § 2254(d) would require denial of Wooten's petition because the last reasoned state-court decision would have been neither contrary to federal law nor based on an unreasonable determination of the facts.

[6] "It is only for certain structural errors undermining the fairness of a criminal proceeding as a whole that even preserved error requires reversal without regard to the mistake's effect on the proceeding." *United States v. Dominguez Benitez*, 542 U.S. 74, 81 (2004).  Examples of structural errors include complete deprivation of the right to counsel and an impartial judge. *Arizona v. Fulminante*, 499 U.S. 279, 309–10 (1991) ("Each of these constitutional deprivations is a similar structural defect affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself.").  The errors that Wooten alleges are not structural.  Though Lumpkin has not cited a case applying *Brecht* to a guilty plea, the fact that the alleged errors are non-structural supports the application of *Brecht*.

court considered evidence outside the record before it and erred by doing so, any error was harmless because there were alternative grounds for rejecting each of Wooten's three bases for granting his petition.[7]

In holding that any error was harmless because there were alternative grounds for rejecting Wooten's claims, we do not resolve whether alternative federal grounds are sufficient to establish harmless error when a state court error violates a state habeas requirement. We need not consider that thorny question (or whether violations of a state habeas requirement can be considered as part of a *Brecht* analysis at all) because Wooten has not established that any error by the state habeas court violated a state habeas requirement.

1

We first consider Wooten's claim that the trial court violated his due process rights by basing his conviction on a misreading of court records.

By pleading guilty, a defendant loses the ability to make certain types of collateral attacks on his conviction. *See, e.g.*, *Tollett v. Henderson*, 411 U.S. 258, 266 (1973). In *Class v. United States*, the Supreme Court explained that a guilty plea precludes collateral attacks based on "constitutional violations . . . that had occurred prior to the entry of the guilty plea," not violations

_____

[7] It may seem strange to classify alternative grounds that the state habeas court could have relied on as a basis for *Brecht* harmless error, rather than an application of *Harrington v. Richter*. 562 U.S. 86, 102 (2011) (explaining that federal courts "must determine what arguments or theories supported or, . . . could have supported, the state court's decision"). In *Richter*, however, there was no reasoned state court decision to look to. *Wilson*, 584 U.S. at 131 (explaining the lack of a reasoned state court decision in *Richter*). *Richter* cannot be applied when there is a reasoned decision to look to. If that were the case, there would be little point in applying the look-through doctrine to determine the appropriate state court decision to analyze.

No. 21-10924

"which implicate[] the very power of the State to prosecute the defendant."
583 U.S. 174, 179 (2018) (internal citation and quotations omitted). While
claims such as double jeopardy and malicious prosecution implicate the
state's power to prosecute, challenges to antecedent parts of the case such as
grand jury proceedings do not. *Id.* at 179–81.

Wooten's due process claim does not implicate the power of the state
to prosecute him, and the events underlying the claim occurred prior to entry
of the guilty plea.[8]  Wooten's motion regarding the 1983 conviction
concerned a factual dispute:  whether his 1983 conviction was a final
conviction.  The question of whether the state can prove facts sufficient to
satisfy the charge is different from whether the state has the power to bring
the charge.  The fact that the indictment was erroneously based on an
ineligible conviction means that the state did not have the record to support
its indictment.[9]  It does not mean the state lacked the power to bring the
charge.

That distinction is crucial because, by pleading guilty, Wooten
admitted that there was a sufficient record to support the charge.[10]  While he

_____

[8] Though the trial judge denied Wooten's motion at the same hearing during which
Wooten ultimately pleaded guilty, consideration of the motion was not part of the guilty
plea proceedings.  That is best shown by the fact that after the judge ruled on Wooten's
motions, there was uncertainty about whether Wooten would proceed with the guilty plea.
Only after the state said that it would withdraw the plea offer and proceed to trial if Wooten
insisted on appealing did Wooten make the final decision to plead guilty.

[9] That is, of course, confining ourselves to the record before the state court.  There
were sufficient convictions to charge Wooten with felony DWI and a habitual offender
enhancement, but they were not included in the indictment and were not before the state
trial court.

[10] We do not mean to suggest that a trial court's reliance on an erroneous "fact" is
shielded from review any time that the defendant admits to the erroneous "fact."  At a
minimum, any admission that was unknowing, involuntary, or affected by ineffective
assistance of counsel would not preclude review.  Because many due process claims

12

could not have admitted the types of violations that would eliminate the state's power to bring the charge, such as double jeopardy or malicious prosecution, he was able to admit the factual predicates that satisfied the charge.  That he admitted to something false does not change the analysis.  Choosing to plead guilty is a strategic choice that the defendant must make given the circumstances.  *See Bradshaw v. Stumpf*, 545 U.S. 175, 186 (2005) ("[A] plea's validity may not be collaterally attacked merely because the defendant made what turned out, in retrospect, to be a poor deal.").

Wooten did not make a poor deal. His choice may have been influenced by his knowledge that, though the 1983 conviction was not an eligible offense, he had enough other convictions to qualify for a felony charge and sentencing enhancement.  In other words, he may have pleaded guilty because, despite the error in the indictment, he was facing the very real possibility of twenty-five years to life in prison.

Wooten argues that *Townsend v. Burke*, 334 U.S. 736 (1948), determines the outcome here. We disagree.  In *Townsend*, the trial judge based the defendant's sentence, in part, on a crime for which the charges were dismissed.  *Id.* at 740.  The Supreme Court held that the trial court violated the defendant's due process rights by doing so.  *Id.* at 740–41.  *Townsend* is distinguishable because, unlike Wooten, the defendant there did not admit to the erroneous fact on which the trial court relied.  *Id.*

Here, Wooten's due process claim amounts to reliance on an erroneous fact, but a fact Wooten admitted was true.  Because, as we will explain in the process of addressing Wooten's remaining claims, there were

---

implicate the government's power to bring the charge, thus precluding reliance on the guilty plea under *Class*, there may be other scenarios in which an admission is not sufficient to remedy reliance on a factual error.

no issues with Wooten's guilty plea that would preclude reliance on it, Wooten's due process claim does not warrant granting his habeas petition.

2

We next consider Wooten's claim that his plea bargain was not knowing and voluntary. "The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (citation omitted). A guilty plea "cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts." *McCarthy v. United States*, 394 U.S. 459, 466 (1969).

Wooten cannot establish that his guilty plea was unknowing or involuntary. To ensure a plea is voluntary, a district judge must determine that the plea "did not result from force, threats, or promises." Fed. R. Crim. P. 11(b)(2). Wooten does not contend otherwise. Nor was Wooten's plea unknowing. There is no dispute that Wooten knew and understood the *elements* of the crime with which he was charged. This is not a case where Wooten could not have admitted to one of the crime's elements because he was unaware of that element. *See Henderson v. Morgan*, 426 U.S. 637, 645–46 (1976) (explaining that the defendant's admission could not satisfy the crime's *mens rea* requirement because the defendant was unaware of that element of the crime when he pleaded guilty).

Nor is there a dispute that the facts to which Wooten *admitted* constitute a crime. *See McCarthy*, 394 U.S. at 467. Wooten claims that his plea was unknowing because the facts, as they actually were, do not constitute a crime. But that does not make the plea unknowing or otherwise invalid. Under *McCarthy*, a constitutional violation only occurs when the facts *admitted* to do not constitute a crime. Wooten's claim that his guilty plea was unknowing and involuntary does not warrant granting his habeas petition.

14

3

Finally, we consider Wooten's ineffective assistance of counsel claim. To prevail on an ineffective assistance of counsel claim, a habeas petitioner must show that his counsel's performance was deficient, and the deficient performance actually prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In the case of a guilty plea, the *Strickland* test requires showing that (1) counsel's advice was outside the range of competence expected from attorneys; and (2) the defendant would not have pleaded guilty absent the attorney's error. *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994) (discussing *Hill*, 474 U.S. at 56). Regarding the second requirement, the petitioner "must establish that but for his counsel's alleged erroneous advice, he would not have pleaded guilty." *Id.* Mere allegations of prejudice are insufficient. *Id.*

Wooten's IAC claim fails because, even assuming his counsel's performance was deficient, he has not shown that he would not have pleaded guilty had his counsel properly advised him regarding the 1983 conviction. Even when Wooten's 1983 DWI probated sentence is properly excluded, Wooten still had enough felonies to qualify both for felony DWI and an enhanced sentence. The affidavit from Rick Hamby, Wooten's lawyer, is replete with references to concerns about Wooten's extensive record, illustrating that Hamby, and by extension Wooten, were aware of that record.

It is thus unclear how different advice concerning the 1983 probated sentence would have changed Wooten's decision. Even with different advice, Wooten and his lawyer would both have known the state was capable of satisfying the requirements for a felony DWI and a habitual offender enhancement. That means that even with different advice, Wooten would have been facing twenty-five years to life in prison. We need not speculate about whether Wooten would have accepted a thirteen-year sentence when

No. 21-10924

faced with twenty-five years to life because we have an instance of him making that exact decision. The fact that better advice from counsel may have led to a different predicate felony being used does not provide any evidence that he would have made a different decision. Wooten's ineffective assistance of counsel claim does not warrant granting his habeas petition.

\* \* \*

Because Wooten has not presented a valid basis for granting his petition, we AFFIRM the district court's denial of his petition.